### John Ludlow v. James O'Neil.

1. Under the statute of February 22, 1831 (S. & C. 458), it is not indispensable to the validity of a deed executed by husband and wife that they should acknowledge it before the same officer, or at the same time and place, or that their acknowledgments should be certified by a single certificate.

2. The acknowledgment of the wife, however, is not binding upon her until the deed is executed and acknowledged by the husband; and it must appear in the certifica e of her acknowledgment both that she acknowledged the signing and sealing of the instrument to be her free act and deed, and also that upon being examined separate and apart from her husband, and the contents made known to her, she declared that she signed, sealed, and acknowledged the same voluntarily, and was still satisfied therewith.

3. Where a deed under which a vendor claims title is so separately acknowledged by husband and wife, that fact does not cast such a cloud upon the title, or render it so doubtful as to justify a purchaser, under a contract for a perfect title, in refusing a specific execution of the contract.

Motion for leave to file a petition in error to the Superior Court of Cincinnati.

This was an action by O'Neil against Ludlow, to compel the specific execution of a contract for the sale of a lot in the city of Cincinnati. The contract bound the vendor, O'Neil, to make a " perfect title, free, clear, and unincumbered." At the time fixed for the execution of the contract, Ludlow, the purchaser, declined to execute it, on the ground of an alleged defect in the vendor's title, namely, because one of the deeds in O'Neil's chain of title was that of a married woman and her husband, Elizabeth Sholl and

Jacob Sholl, and was not acknowledged by them jointly, or at the same time and place, and was acknowledged before different officers. This deed was dated in January, 1868. The acknowledgment of the wife was taken and certified in Cincinnati, Ohio, and that of the husband was subsequently taken and certified in California. Both certificates are in due form of law, unless the fact that they were so separately made, and the acknowledgments so separately taken, renders them defective. The certificate of the wife's acknowledgment is to the effect that she appeared before the officer, and acknowledged the signing and sealing of the instrument to be her free act and deed, and that, being examined separate and apart from her husband, and the contents of the deed made known to her, she declared that she signed, sealed, and acknowledged the same voluntarily, and was still content therewith.

In the court below it was contended that this acknowledgment was not according to law, and did not bind the wife, and that the title was therefore defective. It was also claimed that even if the title be good, yet it is subject to such doubt as to render it "unmarketable," and not such as a court of equity should compel the defendant to take under the contract. Both these objections were held by the court not to be well taken, and a decree for specific execution was rendered. On error to the superior court, in general term, the decree was affirmed, and leave is now asked to file a petition in error here to reverse the judgment of both courts.

*Hoadly, Johnson & Colston,* for the motion.
*Healy & Brannan,* contra.

WELCH, C. J. We agree with the court below, both in holding that the acknowledgment of the wife was in due and legal form, and also in holding that this form of acknowledgment does not cast such a cloud upon the title, or render its legality so doubtful as to justify the defendant in refusing to execute the contract.

The statute in force at the time of executing the deed was that of February 22, 1831 (S. & C. 458). It nowhere requires that the acknowledgment of a deed by husband and wife shall be made in the presence of each other, or be made at the same time or place. The *first* section requires all grantors, other than married women, to acknowledge the " signing and sealing " of the deed. The *second* section, ·as we understand it, simply requires that the wife, "in addition *thereto*"—that is in addition to what is required of other grantors—shall " declare," on separate examination, and the contents of the deed being made known to her, that she voluntarily signed, sealed, and acknowledged it, and that she is still content therewith. It no more requires a *simultaneous* acknowledgment by the husband and wife than by any other two or more grantors. The provision requiring her separate examination is express and explicit. Had it been the legislative intent that the husband should be present at the time of her acknowledgment, it is but reasonable to suppose that there would have been a provision equally express and explicit to that effect. Nothing but a far-fetched implication can engraft any such meaning upon the statute, and there is no reason or necessity for it to rest upon. The husband can render the wife every needed protection by himself refusing to sign and acknowledge the deed. If she acknowledges it before the husband, it is presented to him with the wife's signature and acknowledgment, and he has only to refuse to acknowledge. If he acknowledges it first, he acknowledges it as a deed, to be executed by them both. Of course, the deed is not binding on her till executed by both, and, of course, the certificate must show, both that she acknowledged the " signing and sealing," and, also, that she was separately examined, and made the declaration required by the statute.

Nor do we think the court erred in overruling the second ground of defense. There was no question of *fact* in regard to plaintiff's title. It was a mere question of law—a question as to the construction of a statute. It will never do to say that a doubt in such a case, however honestly enter-

tained by the purchaser, will justify him in refusing to execute his contract. As I understand the rule in equity, it is only in cases where the court itself is in doubt as to the title, that a specific execution will be refused on the ground that the title is not marketable. The question is, not whether the defendant is to be excused for refusing the title when tendered, but whether it would be just to compel him to take it at the time of the hearing. If the court holds the title to be good in law at the time of hearing, there is no good reason in equity why the purchaser should not be compelled to take it, no matter how honestly and conscientiously he may have believed it defective at the time it was tendered and refused.

*Motion overruled.*