Johnson, J.
1. This motion was predicated on the idea that the decree of foreclosure was a judgment, within the *432 meaning of section 422 of the code of practice, which became dormant, if execution was not sued out for five years.
That section 422 of the code does not apply to decrees or judgments for the sale of specific property, but has sole reference to judgments for money, which are to be enforced by execution, was decided in Beaumont v. Renick, 24 Ohio St. 456.
Under the chancery practice, and until the amendment of section 306 of the code, when a decree of foreclosure was made, the suit remained on the court, docket, until the property was sold and the sale confirmed, unless it was otherwise satisfied.
By that amendment, if nothing remained to be done, except to execute the order of sale and distribute the proceeds, the clerk was required to leave the case off the trial docket; and it is therein provided that the subsequent proceedings, in the execution of the order, shall be the same as upon sales of real estate upon execution.
This amendment did not alter the effect of the decree, though the case was left off the trial docket.
The judgment or decree did not become dormant, though five years elapsed without issuing an order of sale. As between the parties the case was still pending. Beaumont v. Renick, 24 Ohio St. 456; Fox v. Reeder, 29 Ohio St. 181; Hunter v. Hopeton, 4 McQueen, 972.
In the last case cited, it was said, in an action commenced in 1845, and defense lodged, and in which proceedings ceased for over eighteen years, that the suit, “ though asleep, continued in pendente till disposed of, and the parties wei'e still at issue, though the lis may have been for years comatose;” and that it was liable to be aroused at the volition of either party.
The court thei’efore erred in holding that said decree became dormant. As that was a fixxal ox’der, preventing a judgment for a sale of the mortgaged premises, the court erred in sustaining the motion; and if this error was to ■his prejudice, the judgment on this motion must be reversed.
*433 Whether that judgment, denying the plaintiff the equitable relief sought, was to his prejudice, should be reversed, depends on another question of some difficulty.
Was he entitled to that relief in this action? By the death of Eelix Coonce, about 1864, the pending suit abated, or rather the right to proceed in the execution of the decree was abated.
By the appointment and qualification of the plaintiff as his administrator, the right to have the decree revived, and have an order to enforce it, vested in him as the personal representative.
Whether this revivor could have been had under section 416 of the code, we need not inquire, as this was not a motion to revive under that section, but an original action for a personal judgment, founded upon the decree, and for an order to enforce the same by a sale of the mortgaged premises, or other proper relief.
After the prayer for an order of sale was stricken out, the case proceeded as an action for a personal judgment.
As the defendant is not complaining of that judgment, the question is: Was the plaintiff entitled to have either a new or second order of sale, or to a revivor of the original order that had abated by the death of Eelix Ooonce ?
1. As to a new or second order of sale. The petition alleges, and for the purposes of this case we must assume that it is true, that the original decree was founded on notes and a mortgage executed by defendants, and that the amount therein found due is still unpaid. The prayer is, that so much of the real estate aforesaid as may be sufficient to pay the same be sold, “ and for all proper order and judgment in the premises.” This is a prayer for general relief, and entitles the plaintiff to proper relief, though he may not be to the specific relief sought. The defendant, in his motion, assumes that the lien on the real estate was created by the decree of its sale. This is an error. The order- of sale was only a mode of enforcing a lien created by the mortgage. That an action of debt *434 would lie upon judgments at law for money, whether domestic or foreign, is settled. Healy v. Roby, 6 Ohio, 521; Tyler v. Winslow, 15 Ohio St. 364; Church v. Cole, 1 Hill, 645 ; Clark v. Goodwin, 14 Mass. 236.
The same is true, in Ohio at least, of decrees in chancery for the payment of money. Moore v. Adie, 18 Ohio, 430 ; Moore v. Stark, 1 Ohio St. 374.
It follows, therefore, that, had the plaintiff brought his action for a personal judgment only, omitting the prayer for equitable relief, he would have been entitled to recover. By the death of Eelix Coonce, the right to enforce the original order of sale abated. Had he lived, the original suit would have continued, and a new action by him, to obtain a second order, could not have been sustained, for the obvious reason that the first order was in a pending suit, on which he could issue at any time.
2. As to a revivor of the original decree. Under the former practice in chancery, the right to enforce the decree, which abated by the death of Coonce, could have been enforced by a bill of revivor. That the plaintiff could, under the code, revive this decree by an original action for that purpose alone, and obtain an order in his name for its "enforcement, as fully as could formerly be done by a bill of revivor, we entertain no doubt. But can these two actions — the one for a personal judgment founded on the original decree, and the other for a revivor of that decree and an order of sale — be joined? No objection was interposed, on the ground of a misjoinder of causes of action, other than may be implied by the motion. If there was such misjoinder, it appeared upon the face of the petition, and should have been taken advantage of by demurrer, or by motion to compel plaintiff to elect. This would have given the plaintiff the right to elect, in case the court sustained the motion or demurrer. This election he was deprived of by the action of the court. I am of the opinion that these two causes .of action may b.e properly joined. They are both ex contractu in their nature, and each affects the defendant only.
*435 The act supplementary to the code (S. & S. 575) provides “ that, in all actions for the foreclosure of mortgages given to secure the payment of money, or in which a specific lien for money claimed to be due is sought to be enforced, the plaintiff may also ask in his petition for a judgment in money claimed to be due.” The right to this double relief is not confined to actions to foreclose mortgages, but extends to all actions in which a specific lien for money is sought to be enforced. That provision includes the case at bar. Rut whether this is so or not, we are all agreed that the plaintiff was entitled to the equitable relief sought, and that, as he was not put to his election, error to his prejudice intervened. W hether he was entitled also to a personal judgment, under the act above cited, and whether that judgment be erroneous, are questions it is unnecessary for us to determine, as the party prejudiced thereby, if that be erroneous, does not complain. It is sufficient for this case, to say that the petition stated facts sufficient to entitle the plaintiff to a judgment of revivor, and an order in his name for the sale of the mortgaged premises, for the amount due on the original decree, with interest thereon and costs.
The judgment of the court of common pleas, sustaining said motion is reversed, and cause remanded to that court for such further proceedings in the action as are warranted by law.