## SEWALL *v.* HAYMAKER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF OHIO.

No. 244. Argued April 20, 1888. — Decided May 14, 1888.

Under the statutes of Virginia, which were in force in September, 1837,
and equally under the statutes of Ohio, which were in force at that time,
a deed by husband and wife conveying land of the wife, was inoperative
to pass her title, unless the husband, she having duly acknowledged the
deed, signified his assent to the conveyance in her lifetime by an ac-
knowledgment in the form prescribed by law.

EJECTMENT. Judgment for defendant. Plaintiffs sued out
this writ of error. The case is stated in the opinion of the
court.

*Mr. C. B. Matthews* for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was an action to recover forty-two undivided one-hun-
dredth parts of a tract of land, in the county of Fayette, State
of Ohio. The answer denied that the plaintiffs, or either of
them, have any estate, title, or interest in or to this land, or
to any part thereof. The defendants, also, pleaded that no
cause of action accrued to the plaintiffs or to either of them
against him within twenty years prior to the filing of the
petition.

The bill of exceptions shows that the plaintiffs in error,
after offering in evidence a patent of the United States cover-
ing the land in controversy, made proof tending to establish
the following facts: The patentee, William Green Munford,
died intestate, leaving as his only heirs, Robert Munford, John
Munford, Stanhope Munford, William Green Munford, Eliza-
beth Munford, and Mary Munford. Three of these heirs —
Stanhope, William Green, and Elizabeth — died early in the

present century, unmarried, childless, and intestate; the other three inherited the patented lands in equal shares. Margaret Ann Munford, the only heir of Robert Munford, who also died intestate, was born in the year 1800, and in 1819 intermarried with John Sinclair. She died intestate September 13, 1837, having inherited one-third of the property in controversy. Her husband died August 3, 1875. The original plaintiffs are her only heirs, and J. Hairiston Sewall is the grantee of some of the original plaintiffs for whom he was substituted as a party.

This was the case made by the plaintiffs in error who were plaintiffs below.

The defendant, to maintain the issues on his part, offered in evidence a certain deed, purporting to be a conveyance to one Cary S. Jones of the interest of John Sinclair and Margaret Ann Sinclair, his wife, in this land.

That deed is dated September 10, 1837 — three days before the death of Mrs. Sinclair — and purports to be signed by the grantors — Sinclair and wife, of Gloucester County, Virginia — and to have been "signed, sealed and delivered in presence of Wm. Robins, Richard S. Jones, and Pet. R. Nelson." Attached to it are the following certificates:

" GLOUCESTER COUNTY, *to wit:*

" We, William Robins and Peyton R. Nelson, justices of the peace in the county aforesaid, in the State of Virginia, do hereby certify that Margaret Ann Sinclair, the wife of John Sinclair, parties to a certain deed bearing date on the 10th of September, 1837, and hereunto annexed, personally appeared before us, in our county aforesaid, and, being examined by us privily and apart from her husband, and having the deed aforesaid fully explained to her, she, the said Margaret Ann Sinclair, acknowledged the same to be her voluntary act and deed, and declared that she had willingly signed, sealed, and delivered the same, and that she wished not to retract it.

" Given under our hands and seals this 10th day of September, 1837.

" WM. ROBINS.      [SEAL.]
" PET. R. NELSON.   [SEAL.]

" STATE OF VIRGINIA, *Gloucester County, to wit:*

" We, Wm. Robins — Thomas Smith, justices of the peace in the county and State aforesaid, do hereby certify that John Sinclair, a party to a certain deed bearing date the 10th day of September, 1837, and hereunto annexed, personally appeared before us in our own county aforesaid, and acknowledged the same to be his act and deed, and desired us to certify the said acknowledgment to the clerk of the counties of ——, in the State of Ohio, in order that the said deed may be recorded.

" Given under our hands and seals this 14th of May, 1840.

" WM. ROBINS.    [SEAL.]<br>" THOMAS SMITH.    [SEAL.]

" STATE OF VIRGINIA, *Gloucester County, to wit:*

" I, John R. Cary, clerk of the court of the county aforesaid, in the State aforesaid, do hereby certify that Wm. Robins and Thomas Smith and Peyton R. Nelson, Esquires, whose names and seals are affixed to the within certificates of acknowledgments, were, at the time of subscribing the same, justices of the peace in and for the county aforesaid, duly commissioned and qualified, and that due faith and credit may and ought to be given to all their acts as such.

" In testimony whereof I have hereunto subscribed my name as clerk aforesaid and affixed the seal of the said county this 14th day of May, 1840, in the 64th year of the Commonwealth.

" [L. S.]            JOHN R. CARY, *C. G. C.*

" STATE OF VIRGINIA, *Gloucester County, to wit:*

" I, Wm. Robins, presiding justice of the court of the county aforesaid, do hereby certify that John R. Cary, who has given the certificate below, is clerk of the said court, and that his attestation is in due form.

" Given under my hand this 14th day of May, 1840.

" WM. ROBINS, Sen'r.    [SEAL] "

The plaintiffs objected to the admission of the conveyance in evidence, upon the ground that, as it was not acknowledged or

proven by John Sinclair until after the death of his wife, it was not sufficient and valid, as a conveyance of the latter's interest, either under the laws of Virginia, where it was executed, or under the laws of Ohio, where the land is situated. This objection was overruled and the deed admitted in evidence, to which the plaintiffs excepted. The defendant offered in evidence deeds conveying to him whatever title Cary S. Jones had, and admitted that he was in possession of the premises in controversy.

No further evidence being offered, the court charged the jury that the deed of September 10, 1837, was a valid conveyance and passed to the grantee Jones all the interest of Margaret Ann Sinclair in the premises; that the defendant, by subsequent conveyances, had become the grantee of that interest; and that he was entitled to a verdict. To this charge the plaintiffs excepted.

The act of the general assembly of Ohio, passed February 21, 1831, entitled "An act to provide for the proof, acknowledgment, and recording of deeds and other instruments of writing," was in force both when Mrs. Sinclair acknowledged the deed to Jones — September 10, 1837 — and when it was acknowledged, in 1840, by her husband. Its fifth section is in these words: "All deeds, mortgages, powers of attorney, and other instruments of writing, for the conveyance or incumbrance of any land, tenements or hereditaments, situate within this [that] State, executed and acknowledged, or proved in any other State, Territory or country, in conformity with the laws of such State, Territory or country, or in conformity with the laws of this State, shall be valid as if executed within this State in conformity with the foregoing provisions of this act." 29 Ohio Statutes, 346; 1 S. & C. 458, 465.

The statute of Virginia applicable to the case was the act of February 24, 1819 (Revised Code, Va., 1819, p. 361), entitled "An act to reduce into one the several acts for regulating conveyances and concerning wrongful alienations."

Its first section provides:

"That no estate of inheritance or freehold, or for a term of

more than five years, in lands or tenements, shall be conveyed from one to another unless the conveyance be declared by writing sealed and delivered; nor shall such conveyance be good against a purchaser for valuable consideration, not having notice thereof, or any creditor, unless the same writing be acknowledged by the party or parties who shall have sealed and delivered it, or be proved by three witnesses to be his, her or their act, before the court of the county, city or corporation in which the land conveyed or some part thereof lieth, or in the manner hereinafter directed, and be lodged with the clerk of such court to be there recorded."

The fourth section provides :

"All bargains, sales and other conveyances whatsoever of any lands, tenements or hereditaments, whether they be made for passing any estate of freehold or inheritance, or for a term of years, and all deeds of settlement upon marriage wherein either lands, slaves, money or other personal things shall be settled or covenanted to be left or paid, at the death of the party or otherwise; and all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void, as to all creditors and subsequent purchasers 'for valuable consideration without notice,' unless they shall be acknowledged or proved and 'lodged with the clerk to be' recorded, according to the directions of this act; but the same, as between the parties and their heirs, 'and as to all subsequent purchasers, with notice thereof, or without valuable consideration,' shall nevertheless be valid and binding."

The fifteenth section makes specific provision for the execution and acknowledgment of deeds by husband and wife. It is as follows:

"When a husband and his wife have sealed and delivered a writing, purporting to be a conveyance of any estate or interest, if she appear in court, and, being examined privily, and apart from her husband, by one of the judges thereof, shall declare to him that she did freely and willingly seal and deliver the said writing, to be then shown and explained to her, and wishes not to retract it, and shall, before the said court, acknowledge the said writing, so again shown to her, to be

her act, such privy examination, acknowledgment and declara-
tion shall thereupon be entered of record in such court; and
if, before any two justices of the peace, for any county or cor-
poration, in 'any State' or Territory of the U ited States 'or
of the District of Columbia,' such married woman, being
examined privily and apart from her husband, and having the
writing aforesaid fully explained to her, shall acknowledge the
same to be her act and deed, and shall declare that she had
willingly signed, sealed and delivered the same, and that she
wished not to retract it, and such privy examination, acknowl-
edgment and declaration shall be certified by such justices,
under their hands and seals, by a certificate annexed to said
writing, and to the following effect, that is to say : *County or
Corporation, sc : We, A. B. and C. D., justices of the peace in
the county (or corporation) aforesaid, in the State (or Territory
or District) of ———, do hereby certify that E. F., the wife of
G. H., parties to a certain deed, bearing date on the — day of
———, and hereunto annexed, personally appeared before us
in our county (or corporation) aforesaid; and being examined
by us, privily and apart from her husband, and having the
deed aforesaid fully explained to her, she, the said E. F., ac-
knowledged the same to be her act and deed, and declared that
she had willingly signed, sealed and delivered the same, and
that she wished not to retract it. Given under our hands and
seals this — day of ———. A. B. [Seal.] C. D. [Seal.];* and
such certificate shall be offered for record to the clerk of the
court in which such deed ought to be recorded; it shall be the
duty of such clerk to record the said certificate accordingly,
along with the deed to which it is annexed; and when the
privy examination, acknowledgment and declaration of a
married woman shall have been so taken in court and
entered of record, or certified by two magistrates, and de-
livered to the clerk to be recorded, and the deed also shall
have been duly acknowledged or proven, as to the husband,
and delivered to the clerk to be recorded, pursuant to the
directions of this act, such deed shall be as effectual in law, to
pass all the right, title and interest of the wife, as if she had
been an unmarried woman : *Provided, however,* that no cove-

nant or warranty, contained in such deed hereafter executed, shall in any manner operate upon any *feme covert* and her heirs, further than to convey effectually, from such *feme covert* and her heirs, her right of dower, or other interest in real estate, which she may have at the date of such deed."

The first section of the Ohio statute of 1831, (1 S. & C. 458,) as modified by the subsequent acts of January 29, 1833, (Id. 470,) and February 17, 1834, (Id. 694,) provides that when any man, or unmarried woman, above the age of eighteen years, "shall execute within this State, any deed, mortgage, or other instrument of writing, by which any land, tenement or hereditament shall be conveyed, or otherwise affected or incumbered in law, such deed, mortgage, or other instrument of writing, shall be signed and sealed by the grantor or grantors, maker or makers, or [and] such signing and sealing shall be acknowledged by such grantor or maker in the presence of two witnesses, who shall attest such signing and sealing, and subscribe their names to such attestation, and such signing and sealing shall also be acknowledged by such grantor or grantors, maker or makers, before a judge of the Supreme Court, or of the Court of Common Pleas, a justice of the peace, notary public, mayor, or other presiding officer of an incorporated town or city, who shall certify such acknowledgment on the same sheet on which such deed, mortgage, or other instrument of writing may be printed or written ; and shall subscribe his name to such certificate."

The second section of the same act provides: "That when a husband and wife, she being eighteen years of age or upward, shall execute, within this State, any deed, mortgage, or other instrument of writing, for the conveyance or incumbrance of the estate of the wife, or her right of dower in any land, tenement or hereditament, situate within this State, such deed, mortgage, or other instrument of writing, shall be signed and sealed by the husband and wife; and such signing and sealing shall be attested and acknowledged in the manner prescribed in the first section of this act; and, in addition thereto, the officer before whom such acknowledgment shall be made shall examine the wife, separate and apart from her husband,

and shall read or otherwise make known to her the contents of such deed, mortgage, or other instrument of writing; and if upon such separate examination she shall declare that she did voluntarily sign, seal, and acknowledge the same, and that she is still satisfied therewith, such officer shall certify such examination and declaration of the wife, together with the acknowledgment as aforesaid, on such deed, mortgage, or other instrument of writing, and subscribe his name thereto."

Obviously, in view of the statutes of Ohio, the first inquiry must be whether the deed purporting to convey to Jones the interest of John Sinclair and wife in the lands in dispute was executed and acknowledged in conformity with the laws of Virginia, where that deed purports to have been made.

There has been no appearance in this court by the defendant; nor, in the examination of the questions presented, have we had the benefit of a brief in his behalf. But we are informed by the brief of the plaintiffs in error that it was claimed in the court below that neither the acknowledgment nor record of the Sinclair deed constituted parts of the deed itself, and that the effect of the want of acknowledgment was simply that defined by § 4 of the Virginia act of 1819, namely, that the deed was valid and binding as between the parties and their heirs.

We do not understand such to have been the law of Virginia in respect either to the acknowledgment or recording of deeds made by husband and wife. In *First National Bank of Harrisonburg* v. *Paul*, 75 Va. 594, 600, the question was as to the admissibility of parol evidence to show that the privy examination of a married woman was regularly taken in the form prescribed by the statute, or that the officer taking the same, by mistake or inadvertence, omitted material statements required to be set forth in the certificate of such examination. Referring to § 7 of c. 117 of the Virginia Code of 1873 — which, as we shall presently see, is substantially the same as § 15 of the act of 1819 — the court said: " It will thus be seen that the statute prescribes the necessary steps to be taken preparatory to a valid relinquishment of the claim for dower.

The certificate must set forth her declaration and acknowledgment as prescribed by the statute; it must be on or annexed to the deed; it must be admitted to record along with the deed, and when *all* these requirements shall have been complied with, and *not till then*, the writing operates to convey from the wife her right of dower." After observing that the object of the statute was to provide a substitute for the proceeding by fine in England, which was never in force in Virginia, whereby the rights of the wife on the one hand might be carefully guarded, and an indefeasible title secured on the other, the court proceeds: "As was said by Judge Tucker, (*Harkins* v. *Forsyth*, 9 Leigh, 301,) 'the validity of the deed is made to depend not upon the truth of the certificate, but upon its existence and its delivery to the clerk.' It is the authentic and sole medium of proving that the *feme covert* has acknowledged the deed with all the solemnities required by the statute." The Court of Appeals of Virginia, in the same case, quotes with approval the following language from *Elliott* v. *Peirsol*, 1 Pet. 328, 340: "What the law requires to be done and appear of record can only be done and made to appear of the record itself, or an exemplification of the record. It is perfectly immaterial whether there be an acknowledgment or privy examination in fact or not — if there be no record of the privy examination; for by the express provisions of the law it is not the fact of privy examination merely, but the recording of the fact which makes the deed effectual to pass the estate of a *feme covert*."

In *Rorer* v. *Roanoke Nat. Bank*, decided in 1887, (not yet in the regular reports, but reported in 4 S. E. Rep. 820, 826, 831,) the court said that "all the requirements of the statute, including recordation, as to both *husband and wife*, must be complied with, or else the wife's title does not pass." After an extended review of the statutes of Virginia relating to conveyances, beginning with the act of 1674, and including those of 1705, 1710, 1748, 1785, 1792, 1814, and 1819, the court further said: "The part of § 15, c. 99, 1 Rev. Code, 1819, prescribing the effect of acknowledgments of married women when recorded, was condensed substantially into what is now

§ 7, c. 117, Code 1873, which was the statute in force and applicable to the càse in hand. . . . The statute is absolute; there is no room for presumptions resulting from technical rules of construction; and all its requisites must be substantially complied with, or else nothing passes by the deed of a married woman. As colony and State, such has been not only the general policy, but the unmistakable spirit and letter of the law in Virginia for over 200 years."

In view of these adjudications, it is clear that by the law of Virginia the acknowledgment and the recording of conveyances by husband and wife of lands in that Commonwealth, in the mode prescribed by her laws, is essential to pass the estate of the wife in such lands.

The question, however, remains as to the effect of the death of Mrs. Sinclair before her husband had acknowledged the deed. This question is by no means free from difficulty. It was suggested, in a somewhat different form, but not decided, in the case of *Rorer* v. *Roanoke Nat. Bank.* It was there argued that if a married woman's deed only became effectual when duly admitted to record, it would result that if the wife died between the date of her acknowledgment and the recording of the deed the instrument would be wholly void. But the court said : " Not so, however, for as between the husband and the grantee the deed would be valid and binding, though as to the wife it would be inoperative — ineffectual to pass her title — until duly recorded, for it is only then that a married woman's conveyance becomes a complete transaction. But it is useless to argue this proposition as the pretended recordation in 1875 of the deed of 1861 was prior to Mrs. Rorer's death. It is sufficient to say that, if the question were presented directly for decision, it would be an exceedingly interesting one, as the authority for recordation at a time subsequent to the execution and delivery of the deed seems to rest solely upon the presumption of the wife's continuing acquiescence ; and in 2 Tuck. Bl. Com., Bk. 2, p. 268, the distinguished author significantly suggests the question whether recordation after the death of the wife would be effectual."

Although it was not essential, under the Ohio statute, that

the deed signed by Sinclair and wife be put upon record in Virginia, we are of opinion that upon her death it became — so far as the laws of the latter State are concerned — inoperative as a conveyance of her interest in the lands in controversy. Until the husband acknowledged it, and thereby, in the only way prescribed by statute, gave his assent to her conveying away her interest, the deed was ineffectual for any purpose. While it may not have been necessary that they should acknowledge the deed at the same time, or upon the same occasion, or before the same officer, the statute of Virginia, upon any fair interpretation of its words, and having regard to the policy which induced its enactment, must be held to have required that the acknowledgment of the husband should occur in the lifetime of the wife, while she was capable of asking his consent to the conveyance of her lands. But that assent was of no avail after the death of the wife before the husband had, by acknowledgment of the deed, signified his willingness to have her convey to Jones, under whom the defendant claims title. Upon her death the title passed to some one. It did not pass to Jones, for the reason that there was not then in existence any completed conveyance, sufficient, under the law, to transfer her estate to a grantee. It, therefore, must have passed to her heirs, and their title could not be divested by any subsequent act of the husband. The fourth section of the Virginia statute, declaring certain conveyances to be valid and binding as between the parties and their heirs, has no application to conveyances by a wife in which the husband does not join, during her lifetime, by an acknowledgment in the mode prescribed by law.

It results that, if the admissibility as evidence of the deed to Jones depends upon its validity, under the laws of Virginia, as a conveyance of Mrs. Sinclair's interest in these lands, the court erred in not excluding it from the jury.

Was the deed executed and acknowledged in conformity with the laws of Ohio, where the lands are situated? In other words, would the deed have conveyed the interest of Mrs. Sinclair if it had been executed and acknowledged in Ohio by the wife, in her lifetime, but not acknowledged by the

husband until after the death of the wife? If so, it may be that, under the Ohio statute of 1831, the deed would be good as between the heirs of Mrs. Sinclair and Jones; for that statute declares that a conveyance of lands in Ohio will be valid if acknowledged in conformity either with the laws of the State in which it is executed, or in conformity with the laws of Ohio.

Upon examining the statutes of Ohio — the controlling provisions of which have been referred to — and, also, the decisions of the Supreme Court of that State to which our attention has been called, we find nothing to justify us in holding that a deed for land, acknowledged by the wife, but not acknowledged by the husband in the lifetime of the wife, will pass her estate in the lands conveyed. In *Ludlow* v. *O'Neill*, 29 Ohio St. 181, it was held — using the language of the syllabus — that "under the statute of February 22, 1831, it is not indispensable to the validity of a deed executed by husband and wife that they should acknowledge it before the same officer or at the same time and place, or that their acknowledgments should be certified by a single certificate." Yet "the acknowledgment of the wife is not binding upon her until the deed is executed and acknowledged by the husband." "The husband," the court said, "can render the wife every needed protection by himself refusing to sign and acknowledge the deed. If she acknowledge it before the husband, it is presented to him with the wife's signature and acknowledgment, and he has only to refuse to acknowledge." We are of opinion that equally under the Ohio and Virginia statutes, a deed by the husband and wife conveying the latter's land is inoperative to pass her title unless the husband — she having duly acknowledged the deed — should, in her lifetime, and by an acknowledgment in the form prescribed by law, signify his assent to such conveyance. For the reasons stated the judgment is

*Reversed, with directions to grant a new trial, and for further proceedings in conformity with law and the principles of this opinion.*

MR. JUSTICE MATTHEWS took no part in the decision of this case.