PETER WOLFORD *vs.* EUNICE E. FARNHAM and Husband.

August 10, 1891.

| 47 | 95 |
|----|-----|
| 82 | 442 |

**Resulting Trust for Creditors—Payment by One under Moral Obligation.**—Where the person who pays the consideration for real estate conveyed to another is under an existing moral obligation to pay the money to or for the grantee, and he pays the consideration solely with intent to discharge that obligation, no trust in favor of his creditors arises, under Gen. St. 1878, *c*. 43, § 8.

**Same—Intent in Making Payment—Insolvency of Payor.**—Solvency or insolvency of the person paying the consideration upon a conveyance is a mere item of evidence upon the intent with which the consideration was so paid and the conveyance so taken.

**Evidence—Account-Books—Statement of Summaries by Expert.**—Permitting an expert witness to state the summaries or balances from books of account, they, though not put in evidence, being in court so that either party might use them, the objection not being that they had not been put in evidence, is proper.

**Same—Requisites of Offer.**—An offer of evidence must be so full that the court can see it will be material.

Action brought in the district court for Hennepin county, by plaintiff, a judgment creditor of the defendant Sumner W. Farnham, to declare and enforce a trust in real estate conveyed to defendant Eunice E. Farnham upon a consideration paid by the judgment debtor.

After the decision of a former appeal, granting plaintiff a new trial, (see 44 Minn. 159, where the case is fully stated in the opinion,) the action was again tried, before *Young, J.*, upon whose decision a judgment was entered for defendants, from which the plaintiff appeals.

*W. A. Lancaster*, for appellant.

*Jackson & Atwater*, for respondents.

GILFILLAN, C. J.    This case was here once before, and is reported in 44 Minn. 159, (46 N. W. Rep. 295.)    It was then sent back for a new trial, on the ground that the findings did not negative the fraudulent intent imputed by the statute (Gen. St. 1878, *c.* 43, § 8) to the transaction when a debtor pays the consideration for a conveyance of real estate to another person.    So far as the intent of the debtor, Sumner W. Farnham, who paid the consideration, was concerned, the only finding on the first trial was that there was no evidence that he, or the firm of which he was a member, was insolvent at the time of the conveyance; the court below on that trial seeming to be of the opinion that the *onus* on the question of intent was on the creditor. We held that in such cases it is on the party endeavoring to sustain the transaction, and that solvency or insolvency is only evidence on the issue of such intent.

The fund from which was derived the part of the consideration paid by Sumner W. for the conveyance to Eunice E. was the proceeds of the sale by him of real estate conveyed several years before by her to him, upon no other consideration than his verbal agreement that, upon the sale by him of the real estate, the proceeds should be paid to her.    This agreement, as we held when the case was here before, was void, as an attempt to create by parol a trust in real estate, and notwithstanding such agreement the real estate, and the proceeds of it when sold, belonged in law to Sumner W.    The court below finds that in purchasing the property, (sought to be reached in this action,) and making payment therefor, it was the purpose and intention of Sumner W. and Eunice E. to carry out said verbal agreement; that Sumner W. then believed he was perfectly solvent, and it was not his purpose thereby to defraud or put any of his property out of the reach of his creditors, but his purpose and intention was to carry into effect

the verbal agreement above mentioned. We construe this finding to be that the sole intent of Sumner W. in paying the consideration for the land conveyed to Eunice E. was to perform such agreement.

It is not assigned as error that this finding was not sustained by the evidence. And the finding fully covers the point upon which the first decision in the case was reversed. It negatives the fraudulent intent. Whatever may have been the legal obligation on the part of Sumner W. in respect to the proceeds of the land conveyed by his wife to him, there was certainly a strong moral obligation on his part to perform the agreement in consideration of which she conveyed to him. Where one pays the consideration for land conveyed to another, solely with intent to discharge an existing moral obligation to pay the money to or for such other, no trust arises in favor of his creditors. *Wait* v. *Day*, 4 Denio, 439; *Foote* v. *Bryant*, 47 N. Y. 544; *Davis* v. *Graves*, 29 Barb. 480; *Ocean Nat. Bank* v. *Hodges*, 9 Hun, 161. As said in *Davis* v. *Graves*, "the law is not so unjust that it will deny to men the right, while it is in their power to do so, to recognize and fulfil their obligations of honor and good faith."

There was also a finding that, at the time when Sumner W. paid the consideration for the conveyance to Eunice E., the firm of which the former was a member was solvent. It is assigned as error that this finding was not sustained by the evidence, and it is also urged in appellant's brief that there is no issue as to the solvency of the firm. Had there been an issue upon it requiring a finding, the evidence was abundantly sufficient to sustain it. As we held when the case was here before, solvency or insolvency, in such a case, is only an item of evidence on the issue of fraudulent intent. The intent might have been fraudulent, notwithstanding the solvency of Sumner W.; it might have been innocent had he been insolvent. As the pecuniary condition of Sumner W. was a proper subject of inquiry, as bearing on the question of intent, any error in admitting or excluding evidence as to such condition may be reviewed.

The assignments of error specify a great many such rulings claimed to be erroneous, but, following our practice of regarding assignments of error as abandoned when no point is made upon them in the brief, we consider but few of them. The first of such rulings mentioned

in the brief was upon an objection by plaintiff, overruled by the court, to the book-keeper of the firm stating the summary of assets and liabilities from the firm books of account, such books being then in court. The regular way would have been to introduce the books in evidence. When that is done, it is permissible, as a matter of convenience to the court, and to save it the trouble of going all through the books itself, and adding up and striking balances of the various accounts, to allow it to be done by an expert witness, who may state what the summaries and balances are.   In this case the books were not put in evidence, but they were in court, and either party could introduce them, and, as the objection was not on the ground that they had not been formally offered, which objection could have been instantly avoided, the court correctly overruled it.

After such summaries up to January 1, 1883, (the conveyance here assailed being executed March 16th of that year,) had been proved, the plaintiff offered to show by the same witness similar summaries on the 1st of January of 1884, 1885, and 1886.   Being required by the court to include in his offer the ultimate purpose he had in view, the counsel stated: "I offer to show by this witness what the condition of the firm of Farnham & Lovejoy was on the 1st of January, 1884, and also on the 1st of January, 1885, and also on the 1st of January, 1886, as shown by their books."   The court sustained the objection that it was incompetent, irrelevant, and immaterial.   The rule is that an offer of evidence must be so full that the court can see from it, in connection with the evidence already in, that something material to the issues will be disclosed by the evidence offered.   *Conlan* v. *Grace*, 36 Minn. 276, (30 N. W. Rep. 880,) and cases cited. The court need not admit evidence upon the mere possibility that something material may be shown.   The above offer was short in this respect.   The ultimate purpose of the offer, as stated,—the ultimate fact to be shown,—was, not that the books and summaries to January 1, 1883, were erroneous; not that during the years ending January 1, 1884, 1885, and 1886, the firm was insolvent or in failing condition, so as to let in an inference or argument that such condition existed or had commenced at the time of the transaction in controversy; but the offer was only to show whatever, important or unimportant, ma-

terial or immaterial, the books contained, as to the condition of the firm at the dates specified. It is not apparent how it would be material to show that, nor how the plaintiff could be prejudiced by the ruling of the court on the offer.

Judgment affirmed.