## CECIL v. MONTGOMERY.

No. 13267—Opinion Filed June 5, 1923.

Rehearing Denied July 24, 1923.

Second Rehearing Denied Sept. 18, 1923.

(Syllabus.)

1. **Joint Adventures—Action for Share of Profits—Parties.**

Where four persons agree to share equally the profits of a joint adventure involving a single transaction, one of the parties may sue another of the parties, who has appropriated the entire profits, for his proportionate share thereof, without joining the remaining joint adventurers as parties.

2. **Same—Findings—Evidence.**

We have examined the record carefully, and are of the opinion that the evidence adduced at the trial amply sustains the findings of fact of the trial court in favor of the plaintiff, Montgomery.

3. **Evidence — Secondary Evidence—Parol Evidence of Writings.**

The rule rejecting secondary evidence of a writing is subject, among others, to the exception that when the originals consist of numerous accounts, or other documents which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole, oral evidence thereof is admissible.

4. **Joint Adventures—Action for Share of Profits—Judgment—Affirmance.**

Upon the whole record, we are of the opinion that the parties have had a fair and impartial trial and that no reversible error has been committed requiring the reversal of the judgment rendered by the trial court.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by George H. Montgomery against James M. Cecil for share of profits of joint adventure. Judgment for plaintiff, and defendant brings error. Affirmed.

Ledbetter, Furman & Ledbetter, for plaintiff in error.

Sigler & Jackson, for defendant in error.

KANE, J. This was an action commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of recovering his share of the fruits of a joint adventure.

The petition alleged, in substance, that the plaintiff and the defendant, together with J. R. Knight and Waldo Wadkins, entered into a certain oral contract by the terms of which they agreed to purchase at a certain guardian's sale the interest of a minor in a certain tract of land, the agreement and consideration being that Knight would carry on the negotiations and Montgomery would pass upon the title and attend to all the legal matters involved in the sale; that the defendant, Cecil, would furnish the money, and after he had received back the amount paid, together with ten per cent. interest, each of the parties would have and be entitled to, a one-fourth interest in the land; that after the land was acquired in the name of Cecil pursuant to the contract, an oil and gas lease was executed thereon for which Cecil received the sum of $6,000; that after retaining out of said sum all the money he had expended, Cecil paid Montgomery the sum of $1,000 as his share of the money received for the lease. Thereafter oil was discovered on the land, and Cecil then ceased to recognize the interest of Montgomery, although he has been receiving the royalties from the oil produced, and refuses to pay Montgomery any part thereof. That Montgomery is unable to state how much money has been paid to Cecil in royalties, but that approximately $10,000 has been paid. Wherefore Montgomery prays, first, that a receiver be appointed; second, that Montgomery be adjudged to be the owner of an undivided one-fourth interest in said land, and that his title be quieted as against the defendant; third, that Montgomery have an accounting against Cecil and have judgment for one-fourth of the money collected for oil royalties, and, fourth, that Montgomery have such other and further relief as he may be entitled to.

In his answer, Cecil denied each and every allegation contained in the petition, and further alleged that if Montgomery ever had a right to participate in the transaction mentioned and referred to in his petition, the right had long since been lost by the failure of Montgomery to prosecute his action, if any he had; that Montgomery was guilty of such laches that it would be inequitable to enforce the said alleged contract; that if Montgomery ever had any cause of action, the same was barred by laches and the statute of limitation.

To this answer, Montgomery filed a reply which is in form a general denial.

Upon trial to the court, findings of fact and conclusions of law in favor of the plaintiff were made, upon which judgment was duly entered substantially as prayed for, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error in their brief state their grounds for reversal under three propositions as follows:

"First. It is our contention that in an equitable action to enforce a joint adventure, all persons parties of the original undertaking must be made parties to the suit either as plaintiffs or defendants.

"Second. It is our contention that under the testimony introduced in this case and the law applicable thereto the original agreement for a joint adventure, if any such agreement ever existed, was not carried out by the parties to the agreement, in that the testimony shows that the lands in controversy were to be purchased on the understanding that the sale of an oil and gas lease within 60 days would repay the purchase price of the property to Cecil, after which the property would be jointly owned, and that no sale within said time could be made. And, further, if any agreement for a joint adventure ever existed, Montgomery lost and abandoned his rights thereunder by his failure and refusal to perform the duties required of him under said agreement, and by his negligence is guilty of such laches that he has barred himself from any recovery.

"Third. It is our contention that the trial court admitted certain evidence over the objection of the defendant below, plaintiff in error here, which was not competent, and which constituted reversible error."

The first error complained of is based upon the assumption that the general rule that persons who have a joint interest must sue jointly for an injury to such interest, applies to cases of this sort. In support of this theory, counsel cite section 4692, Revised Laws 1910; Paine v. Foster et al., 9 Okla. 213; Stinchcomb v. Patteson, 66 Okla. 80, 167 Pac. 619, and many other authorities. In our judgment these authorities are not in point.

The general rule as to parties does not apply in a case like this, where there is no general partnership shown, but only an agreement between the parties to share the gains and losses of a particular adventure. The rule applicable in such cases is stated in Burleigh v. Bevin et al., 48 N. Y. Supp. 120, as follows:

"Where three parties agree to share the losses of a speculation, in an action by one of the parties against another to recover a proportionate share of the losses, the third party is not a necessary party to the action."

In that case there were three joint adventurers who agreed to share the losses of the adventure. One of the parties who paid the losses of the unsuccessful adventure, commenced an action against another one of the parties to recover one-third of the amount thus paid. The question of parties was raised by demurrer to the petition. The learned Justice who delivered the opinion for the court, in considering the question raised, said:

"The correct answer to be given depends upon the answer to be given to the further inquiry, and that is whether one party to a transaction similar to the one set out in the complaint can maintain an action at law to recover a proportionate share of the loss sustained before there has been a final settlement of the accounts between all the parties to it? It is undoubtedly the general rule that one partner cannot maintain an action against his copartner for any matters growing out of the partnership affairs until there has been a final settlement of the accounts between them. The reason of the rule is obvious. Until all the affairs of the partnership have been adjusted, there can be no adjudication of the complete rights of the parties as to any single transaction connected with it. In other words, until an account is taken the court is not in a position to do full justice between the parties. But did the transaction in question, under the agreement referred to, constitute the parties to it partners in such a sense as to bring them within the rule above referred to? I think not. There was no general 'partnership' in the sense in which that word is usually understood. The agreements were simply to share the profits and bear the losses of a single transaction. There were not and could not be any joint debts or mutual accounts to be adjusted. After the sale of the stock nothing remained to be done except to divide the profits or contribute to the losses, and no good reason can be assigned why any action at law, under such circumstances, should not be maintained to recover a proportionate share of the losses sustained or profits made."

The only difference we perceive between the two cases is that in the case referred to there was a loss sustained and the party who had paid the whole amount was suing to recover from one of the three members one-third of the loss sustained, while in the case at bar there was a profit and one of the members of the joint adventure is suing

another, who appropriated the entire profits for his proportionate share.

The second assignment of error presents for review questions of fact only. Under this ground for reversal, counsel for plaintiff in error contend that the evidence was insufficient to show a joint adventure; that if the evidence was sufficient for this purpose, it also shows that Montgomery abandoned the contract and that whatever right to recovery he may have had is barred by laches and the statute of limitations.

As there is no dispute between counsel as to any question of law applicable to these various defenses, it is only necessary to say on this point that we have examined the record carefully and are of the opinion that the evidence adduced at the trial amply sustains the findings of fact of the trial court in favor of the plaintiff, Montgomery.

The testimony objected to under the third assignment of error was that of the witness Colby. Colby testified that he was in charge of the office of the Humble Pipe Line Company, and that the Humble Pipe Line Company took the oil from the land in controversy; that he had a statement showing the amount of oil that had been taken from said property by his company. He also testified that he got the runs from the daily field reports, and that the field reports were made up by the gauger who made the actual gauge, and that the statements were made up in the usual and ordinary course of business and kept on file in his office; that his company paid the landowner the royalty from the pipe line runs as kept in his office. This testimony is objected to on the ground that it is hearsay and not the best evidence. We think this case comes within the exception to the general rule relating to hearsay evidence stated in Scott v. Astoria R. Company (Ore.) 72 Pac. 597, as follows:

"The rule rejecting secondary evidence of a writing is subject, among others, to the exception that when the originals consist of numerous accounts, or other documents which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole, oral evidence thereof is admissible."

Upon the whole record, we are of the opinion that the parties have had a fair and impartial trial, and that no reversible error has been committed requiring the reversal of the judgment rendered by the trial court.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, HARRISON, and MASON, JJ., concur.