HOOVEN et al. v. **FIRST NAT. BANK IN ARDMORE.**

No. 18861. Opinion Filed Nov. 20, 1928.

Rehearing Denied Jan. 5, 1929.

Sigler & Jackson, for plaintiffs in error.

H. C. Potterf, Earl Q. Gray, and J. M. Poindexter, for defendant in error.

RILEY, J. This proceeding in error is from a judgment based on a jury's verdict in the sum of $11,368.44, interest, attorney's fee and costs, in favor of defendant in error, plaintiff below, and against plaintiffs in error, defendants below, based upon two causes of action, each founded upon promissory notes executed by defendants below in favor of the plaintiff bank.

Under the first assignment of error it is contended that the trial court erred in the admission of summaries and tabulations made by two accountants, McCollom & Law, from the book entries of the transactions out of which the dispute arose. The plaintiff did not introduce in evidence the books kept by the bank, but in lieu thereof an abstract as compiled by the accountants. The defendant objected to the admission of such summaries, assigning the statutory objection that the same were incompetent, irrelevant, and immaterial.

The transactions covered by the summaries introduced over a period of eight years from 1915 to 1923, although subsequent notes in the years 1920, 1921, 1922, and 1923 were executed by the defendant.

This is not a question of admitting a copy in lieu of an original, but one of admission of consolidated statements covering a multitude of transactions, the original records of which were available to the adverse party. It is obvious that cases may arise, and do arise, where it is impossible, physically, to introduce in evidence voluminous records involved. In many cases it is cumbersome and tends to smother Justice in her own robes. 22 C. J. 1094, reads as follows:

"Statements Prepared for Use at Trial. Written statements prepared for use at a trial are not ordinarily admissible in evidence, although they may be received where they are merely in the nature of summaries of voluminous records which are in evidence."

We realize that the use of summaries is an exception to the rule and countenanced only by reason of necessity and convenience; a safeguard and prerequisite is the production of the originals in court and an opportunity for inspection of them by the adverse party. Such conditions existed in the case at bar. C.-M. 134, showing the book involved to be in court and C.-M. 171-172, showing an opportunity for inspection by adverse party.

Mr. Wigmore states the rule thus (Evidence) p. 1473, par. 1230:

"Where a fact could be ascertained only by the inspection of a large number of documents made up of very numerous detailed statements—as, the net balance result from a year's vouchers of a treasurer or a year's accounts in a bank ledger—it is obvious that it would often be practically out of the question to apply the present principle by requiring the production of the entire mass of documents and entries to be perused by the jury or read aloud to them. The convenience of trials demand, that other evidence be allowed to be offered, in the shape of the testimony of a competent witness who has perused the entire mass and will state summarily the net results. Such a practice is well established to be proper. Most courts require, as a condition, that the mass thus summarily testified to shall, if the occasion seems to require it, be placed at hand in the court, or at least be made accessible to the opposing counsel in order that the material for cross-examination may be available." Boston, etc., Co. v. Dana, 1 Gray (Mass.) 83.

2 Jones, Comm. on Evidence (2nd Ed.) 1452, to the effect:

"Summaries from or testimony to the contents of books of accounts are sometimes permissible, however, solely on the ground of convenience."

See Shea v. Sewerage & Water Board of New Orleans (La.) 50 South. 166, wherein the rule is stated:

"Where a fact is ascertainable only by the inspection of a large number of documents made up of numerous detailed statements, a competent witness, who has perused all the documents, may state summarily the net result thereof." Bourquin v. M. P. Ry. Co. (Kan.) 127 Pac. 770.

Our own court embraced the above doctrine in Cecil v. Montgomery, 95 Okla. 184, 218 Pac. 311, when it quoted:

"The rule rejecting secondary evidence of a writing is subject, among others, to the exception that when the original consists of numerous accounts. or other documents which cannot be examined in court without

great loss of time, and the evidence sought from them is only the general result of the whole, oral evidence thereof is admissible."

There is no reason to embrace the rule as to oral testimony in lieu of the multitudinous originals and reject it as to written tabulations briefing the same scope. There is no distinction in purpose between such oral testimony and such compliations; for obvious reasons, if either is to be preferred, it is the latter. Fidelity & Deposit Co. v. Champion Ice Mfg. etc. (Ky.) 117 S. W. 393; Elmira Roofing Co. v. Gould (Conn.) 42 Atl. 1002; Wolford v. Farnham (Minn.) 49 N. W. 528; People v. Chicago, B. & Q. R. Co. (Ill.) 133 N. E. 325; Lemon v U. S., 164 Fed. (C. C. A. 8th) 953; Louisville Bridge Co. v. L. & N. Ry. Co. (Ky. App.) 75 S. W. 285; Cornell-Andrews Smelt. Co. v. Boston & P. R. (Mass.) 102 N. E. 625; Clopton-v. Flowers (Tex. Civ. App.) 183 S. W. 68; La. Purchase Expo. Co. v. Kuenzel (Mo. App.) 82 S. W. 1099; Burton v. Driggs, 20 Wall. 125, 32 L. Ed. 299.

A clear expression of the rule we follow is made in Jordan v. Warner's Estate (Wis.) 83 N. W. 946:

"Where the matters in issue, involving mathematical calculations, are provable by numerous entries in various official records, it is proper, where the records themselves are before the court, to permit a witness who has examined them to introduce, in connection with his testimony, written statements and computations summarizing the result of his researches." Culver v. Marks, 122 Ind. 554, 17 Am. St. Rep. 377; Bartley v. State (Neb.) 73 N. W. 744.

The authorities are numerous and well support our view that this contention is without merit. It is unnecessary to consider four other reasons asserted, supporting the introduction of evidence to which objection is made; we merely state them: (1) Witnesses were allowed to testify to the same facts as contained in the statements, without objection. (2) Harmless error. (3) The adverse party introduced similar evidence to that against which their objection is lodged (4) Insufficiency of objection.

It is next urged that the trial court, by his statements and rulings, indicated to the jury that the defendant's defense was not made in good faith and prejudiced the jury thereby.

The only alleged basis for such contention, occurring in the presence of the jury, occurred when Mr. Sigler objected to an answer of a witness on the assigned ground of the answer being a conclusion, and the court asked:

"How do you reconcile your objection with the statements of Mr. Hooven? He introduced statements he made from memory and you argued they were admissible. Overruled."

Again Mr. Sigler objected to a question for the reason assigned, that it was incompetent, irrelevant, and immaterial, and the court said:

"He objects to the notes and books."

And Mr. Sigler said:

"Every time I make an objection in good faith it has been called in question before the jury by the court."

And the court said:

"All right, it will be so until you give a good reason for the objection; the next one I want the theory it is made on."

Whereupon the jury was excused and the court heard the theory of the objection.

We hold it not only the trial court's right, but his duty, upon an occasion where he saw no sufficient objection and thought counsel might have good reason, to inquire more particularly as was done. We find no reversible error in the court's remarks.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, and HUNT, JJ., concur.