## WALKER–SMITH CO. v. ROAN.
### No. 9598.

Court of Civil Appeals of Texas. Galveston.
Nov. 10, 1931.

Rehearing Denied Dec. 10, 1931.

McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellant.

T. P. Buffington, of Navasota, for appellee.

**GRAVES, J.**

The appellee, a resident of Grimes county, worked as saleslady on a commission basis in retailing its goods for appellant, a wholesale grocery corporation domiciled at Galveston, in what was termed the Navasota territory, for a period of eleven months from April of 1928 to the end of February of 1929, under a contract of employment whereby she was to receive 35 per cent. of the figured profits on all business secured by her, was to be allowed a cash drawing account of $50 weekly, and, in case of any losses thereon, was to share 25 per cent. thereof.

In this suit appellant sought to recover $414.04 of her, on the claim that during this stated time its advances to her had exceeded her earned commissions by that amount.

She denied owing any of the asserted indebtedness, pleading that her agreement with appellant was that she "was to·receive the sum of $200.00 per month and at the rate of $50.00 per week as expense money, and was to receive the sum of thirty-five per cent of the net profits on such business as she might obtain; * * *, that it was no portion of her contract of employment by plaintiff that she was to be charged with losses on accounts accepted by plaintiff."

At the close of appellant's evidence, the appellee having offered none, the court, sitting without a jury, entered judgment that the former take nothing, and it prosecutes this appeal.

After uncontroverted testimony tending to show, not only that the contract of the parties was of the nature alleged by appellant, but also that their mutual understanding in making it was that appellee's accrued profits would always be figured in appellant's office on the basis of cost book sheets it issued from time to time to her for use in making her sales, and that statements showing the full standing of her account would be mailed to her each month, appellant further offered, as tending to prove compliance on its part with this latter understanding, as well as the declared upon state of the account, certain letters claimed to have been written by it to the appellee, together with supporting testimony from its cashier, Mr. Kahn. Mr. Kahn identified these letters, and would have testified in connection therewith as follows: "I got the amount of total sales of $2294.22 stated in my letter of April 30th from the records which I kept, and it is correct. In other words, in writing these letters to Mrs. Roan, the figures contained in the letters which I have just identified, are a reflection of the books which I personally kept in the ordinary course of business by me personally. There was a correction of the debit of $388.76 as reflected in my letter of February 27, 1929. My letter of March 4, 1929, reflects the cor-

rection and explains the difference.": (Such letter allowed Mrs. Roan handling charges which she paid to W. H. Redford of $4.65 and showed an amount due of $384.11). "I never heard from Mrs. Roan with reference to any mistakes in the letters that have been introduced in evidence. Not a single instance. According to our books, Mrs. Roan's advances exceed the net profits earned by her in the sum of $414.04."

The letters purported to indicate appellee's total sales for the month covered, net profits thereon, 35 per cent. of that amount, also the amount of the advances, the debit for that month, and the total debit.

The court excluded the letters and accompanying quoted testimony on objection that they did not constitute the best evidence, nor the correct method of making proof of the matters thereby sought to be shown.

In this ruling there was error, we think, upon two considerations:

In the first place, the record otherwise showed, prima facie at least, that appellant's books relating to the numerous and complicated small transactions here involved were bulky, located at its distant office at Galveston without reasonably sufficient time having intervened between the notice to produce them and the trial of the cause, and that the evidence sought to be presented by the tendered letters was not only merely the general result the books in their entirety reflected, but was likewise correct, having been prepared from the same source as the books, that is, the original order sheets sent in by the appellee herself; in other words, the predicate laid for the introduction of the letters included, among other supports, the showing that appellee wrote out and mailed in orders to appellant, which its cashier, Mr. Kahn, whose duty it was to keep her account, inclusive of her sales, figured profits, and commissions earned, checked, and from it calculated the accrued profits on each item so sold from a cost book that she also used in making the sales, and thereby totaled the ascertained profits both daily and monthly, so that the proffered letters thus contained something more than either the books or original order sheets, the figured profits. The best evidence rule did not, therefore, stand in the way of their receipt. Burton v. Driggs, 20 Wall. 125, 22 L. Ed. 299; Fox v. Christopher & Simpson Iron Works Co. (Tex. Civ. App.) 199 S. W. 833; Cecil v. Montgomery, 95 Okl. 184, 218 P. 311; Culver v. Marks, 122 Ind. 554, 23 N. E. 1086, 7 L. R. A. 489, 17 Am. St. Rep. 377; Louisiana Purchase Exposition Company v. Kuenzel, 108 Mo. App. 105, 82 S. W. 1099; Chicago, St. L. & P. Ry. Co. v. Wolcott, 141 Ind. 267, 39 N. E. 451, 50 Am. St. Rep. 320.

In the second place, no reason is perceived for not holding the letters admissible as constituting a stated account between the parties within the rule announced in such authorities as 1 Corpus Juris, page 662, § 187, Rogers-Templeton v. Welch, 56 Mont. 321, 184 P. 838, and Mutch v. Powers, 63 Mont. 437, 207 P. 621. As before indicated, it was mutually understood at the beginning that such statements would be sent to appellee at the end of each month, and these were sent, together with different inquiries as to whether or not she was satisfied with them or desired any further information; no complaint nor further advice of any sort having ever been received from her in response until long after her employment terminated.

From this state of facts, an inference might reasonably be drawn that it was satisfactory with her for the figures given in the letters to stand as a basis for the settlement of her account.

The application of this rule of evidence is not interdicted, we think, by the existence here of a partnership between these litigants in the business forming the subject-matter of their dispute; in the absence of any evidence supporting appellee's quoted declaration as to the nature of the contract of employment, it must be assumed to have been what our introductory statement has characterized it as. That being so, the appellee was not a partner in the business. Appellant is a corporation having its principal office in Brownwood, Tex., with eighteen branch houses, one of which is at Galveston, out of which appellee solely worked. She had no voice in nor control over the business. She did not even pass on the credits of the accounts she sold or attempted to sell. She neither shared in the operating expenses, nor in losses other than her 25 per cent. on the accounts sold by her. She did not share in any of the profits, other than her 35 per cent. of the figured profits, which were the sales prices of the goods, less costs, as per the cost book from which the goods were sold and the freight of the goods, if shipped, prepaid. See 10 Texas Jurisprudence, page 885, and cited authority.

These conclusions require a reversal of the judgment and a remanding of the cause for another trial; it has been so ordered.

Reversed and remanded.