Roy HOBBS et al., Appellants,

v.

TRIANGLE SUPPLY COMPANY, Appellee.

No. 3865.

Court of Civil Appeals of Texas.

Eastland.

March 27, 1964.

Robert E. Ford, Abilene, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee, Abilene, for appellee.

COLLINGS, Justice.

Triangle Supply Company brought this suit against Roy Hobbs and William Hobbs upon a sworn account. Plaintiff further alleged that on or about December 12, 1961, prior to the furnishing of the materials to the defendants, said defendants organized a corporation which fact plaintiff anticipated defendants would use as a basis of seeking to avoid individual liability upon the sworn account. Plaintiff alleged that defendants did not comply with the applicable Texas law in giving notice to existing creditors; that plaintiff had no knowledge of such incorporation and continued to extend credit to said defendants as individuals and partners, and urged that defendants were estopped to assert lack of liability as a consequence of the organization of such corporation in December of 1961. By supplemental petition plaintiff sought to recover attorney's fees in the sum of $1,000.00 incurred in prosecuting this suit.

On May 29, 1963, the defendants answered by general denial. Trial was first set for September 16, 1963, and at that time defendants announced ready for trial subject to the filing of an amended pleading. "Defendants' First Amended Original Answer" was then submitted to the court for filing and was identified by the court reporter as Defendants' Exhibit 1. The court refused to permit the filing of the amended pleading and the defendants withdrew their announcement of ready, stating that they were not ready for trial unless permitted to file a sworn denial. The case was then passed to September 18th, 1963, and it was indicated by the court that a jury would be available at that time. On September 18th, 1963, the defendants again announced ready subject to the filing of "Defendants' First Amended Original Petition" which is shown in the record as Defendants' Exhibit 1. Permission to file such an amended pleading by the defendants was again refused and the case proceeded to trial. A jury was impaneled and sworn, and at the conclusion of the plaintiff's case, defendants offered no testimony. The court thereupon discharged the jury and entered judgment for plaintiff against the defendants, jointly and severally, for the sum of $3,228.-94, the amount of the account, and for $1,-000.00 as attorney's fees. The defendants have appealed.

■ In appellants' first point it is contended that the court erred in rendering judgment against them "on the basis that plaintiff's verified account was established as a matter of law." Appellants assert that the verified account sued upon is not sufficiently itemized to support a judgment; that it is nothing more than a series of dates and invoice numbers without reference to merchandise. It is true, as appellants contend, that the verified account does not set out or describe any merchandise but simply refers to invoice numbers and designated sums of money. Regardless, however, of whether appellee is entitled to recover under its claim of a sworn account there can be no question that it is entitled to recover on a stated account. The case of Davis v. Gilmore, Tex.Civ.App., 244 S. W.2d 671, (Writ Ref.), was a suit upon a sworn account, and the answer was by sworn denial. It was held that the proof was sufficient to establish an "account stated." It was stated by the court as follows:

"This proof showed that the account was rendered to Dillard, and that it was retained without objection for a reasonable time after full opportunity had been offered to object, during which time he caused the collector to take a note to his partner Davis seeking to have him pay the bill. This was even more than an approval by silence which would have been sufficient. * * * this raised the inference of approval of the bill, so as to make it a stated account. * * *

"A suit on an open account may be proved by an admission that the account is due and owing. Proof of a stated account is one way to prove an action on an account. 'In other words, evidence of a stated account is sufficient proof to support plaintiff's cause of action on an open account, and therefore it may be supported by an implied as well as an express admission, as by the assent which is presumed from acquiescence in an account rendered.' "

■ In the instant case the evidence shows without dispute that the defendants were provided with invoices of all materials purchased; that the invoice numbers were as set out in the purported verified account; and that none of the invoices were returned to appellee. The evidence also shows that appellants made payments on the account totaling $1,100.00, and never made any protest or complaint to appellee concerning the material furnished or the amount of the account, even after this suit was filed. The only pleading filed by appellants was a general denial. Their "Defendants' First Amended Original Answer", which they tendered for filing but which the court refused to permit them to file, did not deny the justness of the account in so far as the material furnished or the correctness of the amount of the claimed indebtedness is concerned. The effect of the allegations of such proffered pleading was simply that appellants were not liable for the indebtedness; that Hobbs Drilling Company, Inc. "was organized in December of 1961, and that thereafter appellants worked as employees of such corporation", and that it, and not they, were liable for the indebtedness upon which appellee brought suit. Appellants also alleged that Triangle Supply Company was notified before the incorporation of Hobbs Drilling Company that the partnership theretofore existing had ceased to exist and that appellants Roy Hobbs and William Hobbs were thereafter working for the Hobbs Drilling Company, a corporation and that appellee, as it had done in the past, continued to send their invoices to Hobbs Drilling Company.

The evidence in our opinion establishes a stated account and fully supports the judgment rendered against appellants. Peurifoy v. Hood Rubber Products Co., Tex.Civ. App., 59 S.W.2d 428; Walker-Smith Co. v. Roan, Tex.Civ.App., 43 S.W.2d 1108.

In appellants' second point it is urged that the court erred in refusing them the right to deny under oath the correctness of the account sued on and in their third and fourth points they complain that the court erred in refusing to permit them to file their first amended original answer, identified as their Exhibit 1, before announcing ready and later when tendered as a trial amendment. In the first place, there is no showing that appellants tendered any pleading denying under oath that the account was just and true. The pleading tendered by appellants and shown in the record as their Exhibit 1 did not deny under oath, or otherwise, the justness of the account but in effect asserted only that appellants were not liable because of the formation of the corporation. Appellants' general denial permitted any defense which they could have urged under their proffered first amended original answer if the court had permitted it to be filed. Under these circumstances we are unable to see how appellants could have suffered any harm by the refusal of the court to permit the filing of such pleading.

■ In appellants' fifth point it is contended that the court erred in rendering judgment against them because the evidence shows that issues of fact were raised which should have been submitted to the jury. Appellants urge that plaintiff plead and tried the issues of corporate liability versus individual liability of the defendants, and that fact issues on this question should have been submitted to the jury. Appellants do not state what specific fact issues should have been submitted. Article 1302–2.02, Vernon's Ann.Tex.Civ.St. provides as follows:

"Whenever any banking, mercantile or other business firm desires to become incorporated without a change of firm name, such firm shall, in addition to the notice of dissolution required at Common Law, give notice of such intention to become incorporated for at least four (4) consecutive weeks in some newspaper published at the seat of State Government, and in the county in which such firm has its principal business office, if there be a newspaper in such county; and, if not, then in some newspaper published in some adjoining county; provided, however, that such notice shall only be published one (1) day in each week during the said four (4) weeks. Until such notice has been so published for the full period above-named, no change shall take place in the liability of such firm or the members thereof."

Appellants admitted in answer to requests for admission (1) that Hobbs Drilling Company was incorporated on December 12, 1961, (2) that Roy Hobbs and William Hobbs were original incorporators of Hobbs Drilling Company, (3) that Roy Hobbs and William Hobbs are stockholders of Hobbs Drilling Company, (4) that prior to December, 1961, William Hobbs and Roy Hobbs were partners doing business under the name of Hobbs Drilling Company or Hobbs Bros. Drilling Company, (5) that subsequent to the incorporation of Hobbs Drilling Company no notice was published in any newspaper in the Abilene area pertaining to such incorporation, (6) that prior to December 1, 1961, William Hobbs was engaged in drilling oil and gas wells, and (7) that prior to December, 1961, Roy Hobbs was engaged in drilling oil and gas wells. In addition to appellants' admission that no notice was published in any newspaper concerning the formation of the corporation there was evidence to the effect that plaintiff was not informed of and did not know of the formation of the corporation. Appellants offered no proof and introduced no evidence showing publication of notice in a newspaper or to show that plaintiff had been notified or informed in any way of the corporation which they had organized prior to the time the material was furnished and the indebtedness here in question came into being. Actually the language of the statute requires publication of such notice in a newspaper as a prerequisite to a release of the firm mem-

bers. In this state of the record we are unable to see that any issue of fact was presented as to the individual liability of appellants. The court did not err in rendering judgment against them.

The judgment of the trial court is affirmed.