**GAY HARRIS AND SON, INC., Appellant,**

v.

**E. H. SCHLATHER & SONS, Appellee.**

**No. 11559.**

Court of Civil Appeals of Texas.

Austin.

Jan. 10, 1968.

Rehearing Denied Jan. 31, 1968.

L. Alvis Vandygriff, Austin, for appellant.

Threlkeld, Saegert & Saegert, Joe H. Bruns, Seguin, for appellee.

O'QUINN, Justice.

Gay Harris and Son, a partnership composed of Gay Harris and his son, Don Harris, operated a feed store in Kyle, Texas, and in 1961 incorporated the business under the name Gay Harris and Son, Inc.

In 1964 the Harris store started buying feed from E. H. Schlather and Sons at Cibolo, Texas. In July, 1966, the Harris concern bought a quantity of oats from Schlather and ran up an account of $963.98. The account was not paid, and Schlather brought this suit against the corporation and against Gay Harris and Don Harris individually for the account and attorney's fees.

Gay Harris and Son, Inc., confessed judgment. But Don Harris and Gay Harris individually resisted the suit by plea in abatement. The gist of the plea was that the purchases had been made for the corporation and that at the time of sale

Schlather knew that Gay Harris and Son was a corporation.

The trial court overruled the plea in abatement and entered judgment on sworn account against the corporation, Don Harris, and Gay Harris in the amount of $963.98 and attorney's fees of $321, and for interest on the judgment.

Gay Harris and his son, Don Harris, have appealed.

When the mercantile firm of Gay Harris and Son became incorporated in 1961 without change of firm name, it was required by statute to give notice of its intention to become incorporated under provisions of Article 1302–2.02, Texas Miscellaneous Corporation Laws Act. (Acts 1961, 57th Leg., p. 408, ch. 205, sec. 1; derived from Vernon's Ann.Civ.St., Art. 1307)

This statute requires that notice be published at least four consecutive weeks in a newspaper in Austin, the seat of state government, and in the county in which the firm has its principal business office, if the county has a newspaper, and if not, then in some adjoining county.

The final provision of the statute reads as follows:

"Until such notice has been so published for the full period above-named, no change shall take place in the liability of such firm or the members thereof."

It is undisputed that Gay Harris and Don Harris upon incorporating in 1961 under the same name used by them in the partnership did not comply with the requirements of Article 1302–2.02 of the Miscellaneous Corporation Laws Act.

Appellants contend on appeal and asserted in their plea in abatement that Schlather knew Gay Harris and Son was a corporation. There is no direct evidence to support this contention. Schlather was exposed to such knowledge by the fact the corporation had the letters "Inc." after its name on the truck that picked up the oats at Cibolo. One check sent to Schlather in payment on the account bore the name "Gay Harris and Son, Inc." But another check, sent after the first was not honored by the bank for want of sufficient funds, indicated it was the check of "Gay Harris and Son," due to a printing error.

■ We believe it is immaterial under the facts of this case whether Schlather was exposed to information that might lead to knowledge of the corporate existence. The marking on the truck and on one check did not convey actual knowledge or information to Schlather of the incorporation of appellants, and certainly did not relieve appellants of the duty to publish statutory notice of their incorporation. American Smelting and Refining Company v. Ridgway, 412 S.W.2d 675 (Tex.Civ.App., Houston, writ ref., n. r. e.).

The language of the statute clearly requires publication of notice of incorporation as a prerequisite to release of the firm members. There is no proof that appellants informed Schlather that the Harris firm was incorporated, and, as already observed, appellants did not publish notice in newspapers as required by statute. We find no issue of fact presented as to the individual liability of appellants. Hobbs v. Triangle Supply Company, 378 S.W.2d 726 (Tex.Civ.App., Eastland, no writ).

■ There is evidence Don Harris actively managed the business of appellants, his father serving principally as an adviser. There is nothing in the record to show that Schlather was notified that Don Harris was acting only as an agent for the corporation in buying oats from Schlather. The giving of a check drawn on the corporation did not put Schlather on notice of any such agency. Anderson v. Smith, 398 S.W.2d 635 (Tex.Civ.App., Dallas, no writ).

We think the trial court correctly held Gay Harris and Don Harris individually liable, as well as the corporation, and that the judgment should be affirmed.

Associate Justice Hughes concurs on the sole ground that the failure of Gay Harris and Don Harris to comply with Article 1302–2.02 fixes their liability in this case as a matter of law.

The judgment of the district court is affirmed.

Affirmed.