## HOOVER et al, v. BOARD OF COM'RS OF GARVIN COUNTY.

No. 22317. Opinion Filed May 17, 1932.

Rehearing Denied July 27, 1932.

R. E. Bowling and George M. Nicholson, for plaintiffs in error.

Homer Hurt, Co. Atty., Blanton, Osborn & Curtis, and Albert Rennie, for defendants in error.

McNEILL, J. This is an appeal from the district court of Garvin county, sustaining a demurrer to the petition in an action to enjoin and restrain the board of county commissioners of said county, acting as drainage commissioners, from letting a contract, or from further proceeding with a drainage district known as Wild Horse drainage district No. 2, or to appropriate the lands of plaintiffs for such drainage purposes. The only question presented for our determination is whether or not the court erred in sustaining said demurrer. The petition alleges, in substance, that the plaintiffs reside within said drainage district and have lands in said district affected thereby; that the county commissioners, acting as drainage commissioners, pursuant to chapter 38, C. O. S. 1921, are proceeding to let a contract over the protest of plaintiffs and others similarly situated for a drainage ditch in said drainage district No. 2, and will do so unless enjoined and restrained; that plaintiffs and others similarly situated have used every effort and means provided by law to prevent the organization of said drainage district or taking of their lands for public use and the assessments against their lands; that the district was organized in 1923; that plaintiffs and others filed objection to the establishment of such district, to the assessments made against their property and the taking thereof for public use without just compensation; that the commissioners are proceeding illegally and without authority of law; that plaintiffs undertook to appeal from the orders and judgments rendered by the commissioners, but that said appeal from the judgment of the board of county commissioners to the district court of Garvin county was dismissed without a trial; that said court held that the county commissioners as such drainage commissioners had exclusive jurisdiction to hear and determine all such matters, and that plaintiffs and others similarly situated could not appeal therefrom; that plaintiffs have been prohibited from contesting assessments made against their property in said district without authority of law and in violation of sec-

tion 6057, C. O. S. 1921; that the assessment so made against the property of plaintiffs and others similarly situated is unjust, unreasonable, and excessive, as well as unnecessary; that for such taxes assessed plaintiffs receive nothing whatsoever; that such assessment is the taking of private property for public use without just compensation, violative of the Constitution of the state and the Constitution of the United States; that defendants have changed the place of beginning and ending of said drainage ditch; that they have not proceeded in the creation and construction of said ditch as provided by law; that a large majority of the landowners of said district, living within said district, are opposed to said district and said ditch; that, since the creation thereof, the courts of Oklahoma and the United States have held that the lands allotted to the members of the Five Civilized Tribes, not subject to ad valorem taxes, were not subject to special and drainage taxes; that large boundaries of land within said district are not subject to drainage taxes, and that the taxes assessed against such property for said drainage purposes must be canceled, set aside, and held for naught, thereby increasing the cost of the construction of said district to others in said district; that plaintiffs and others similarly situated are without remedy; that they have been denied by the board of county commissioners and drainage commissioners relief; that the acts of said defendants in letting said contract would be wholly illegal and would work a great and irreparable damage to plaintiffs and others similarly situated, and that they have no adequate remedy at law.

Counsel for plaintiffs insist that the court erred in sustaining the demurrer to the petition.

An examination of the petition shows that the allegations therein are largely if not entirely based on legal conclusions, and a petition which depends upon such allegations, totally lacking in a concise statement of the facts, constitutes no cause of action, presents no issue, is insufficient and demurrable. Smith v. Board. of Commissioners, 26 Okla. 819, 110 P. 669; Smith v. Kaufman & Co., 8 Okla. 568, 41 P. 722.

Counsel for plaintiff in error urge that the defendants have changed the place of beginning and the ending of said drainage ditch, and they have not proceeded in constructing the said drainage district as provided by law. Such an allegation is a statement of fact. However, the plaintiffs make no allegations that they are prejudiced in any way or that their lands are affected adversely by reason thereof. There is no allegation that they will be damaged thereby or that any other beginning or outlet could be made whereby an equal or greater drain might be established at an equivalent or less expense, or that this change has been done by the viewers, or that any lots in the original petition are not included in said drainage district. It is the duty of the viewers appointed by the judge of the district court, pursuant to section 6048, C. O. S. 1921, to file their report showing a schedule of all lots and lands, etc., the names of the residents and owners of the land that will be benefited, damaged or condemned by or for the improvements, etc., and such lands shall constitute the district subject to modification by the board of county commissioners at the hearing. If the board of county commissioners were proceeding in an arbitrary and unauthorized manner to the detriment of the plaintiffs, whereby their property was affected by reason of the wrongful assessments created against their land, then there might be some relief accorded to them in a court of equity against such unauthorized and capricious failure of duty on the part of the board of county commissioners constituting the drainage commission. There are no such extenuating circumstances alleged in the petition.

The plaintiffs reside and own property within the drainage district. It was their duty at all times to appear before the proper forum to present their grievances. Pursuant to the provisions of section 6058, C. O. S. 1921, they had the right to appeal from the action of the board of county commissioners on any of the following questions:

"First: Whether just compensation has been allowed for property appropriated;

"Second: Whether proper damages have been allowed for property;

"Third: Whether the property for which an appeal is prayed has been assessed more than it will be benefited, or more than its proportionate share of the cost of the improvements."

There is no appeal from an order or judgment of the county commissioners establishing a drainage district. Prince v. Wild Horse Drainage District No. 1, 145 Okla. 185, 292 P. 42.

After a careful review of the record and briefs filed herein, we are of the opinion that the trial court committed no error in sustaining a demurrer to plaintiffs' petition.

Judgment affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1, 2), 21 R. C. L. 441; R. C. L. Perm. Supp. p. 5057.