## HODGES v. REYNOLDS.

No. 23135.　Jan. 22, 1935.

A. E. Montgomery, for plaintiff in error.

Allen, Underwood & Canterbury and Paul Pinson, for defendant in error.

PER CURIAM. This is an appeal by Joe Hodges, who was defendant in the trial court, from a judgment in the district court of Tulsa county, in favor of Edward Reynolds for damages arising out of the conversion of personal property. The parties will be referred to as they appeared in the trial court.

1. The first contention argued in the brief of defendant, Joe Hodges, is that the trial court erred in overruling defendant's two motions to make plaintiff's petition more definite and certain. The plaintiff alleged in part that he had entered into an oral contract with the defendant for the transportation and storage of household goods, books and other various articles of personal property, and attached to the petition a list of the articles which he alleged were converted by the defendant, of the value of $9,621, as exhibit "A." The list enumerates and describes certain household goods, books contained in the plaintiff's library, and other articles, and in a portion of the list refers to a number of books under the heading of "miscellaneous." The defendant filed two motions to make the petition more definite and certain, which were overruled by the trial court.

In his brief the defendant states:

"We will first discuss assignments of error Nos. 3 and 5. These two assignments of error relate to the allegation in plaintiff's petition that the books sued for were worth $5,000 and in the list of said books appears the word 'miscellaneous,' against which defendant filed a motion to make more definite and certain, requesting that said books be listed separately as to price, and in addition thereto to set forth fully what books plaintiff claimed under 'miscellaneous.'-"

The defendant then asserts that the refusal of the trial court to require plaintiff, if he knew the names of these books listed as "miscellaneous," to so state in his petition, was an abuse of discretion, and that failure to require the plaintiff to make the petition more definite and certain was prejudicial to the rights of the defendant, in that it did not give the defendant an opportunity of ascertaining the value of said books listed as "miscellaneous" as second-hand books.

The record in this case discloses that there was no defense offered as to the items of property converted by the defendant. The trial court, in its instruction No. 1 to the jury, directed the jury as follows:

"You are instructed therefore that the only issue for your determination in this case is what was the value of the property sold or disposed of by the defendant, which was the property of the plaintiff, as you will be further hereinafter instructed."

And under the evidence presented at the trial, as shown by the record, the trial court correctly instructed the jury that the only issue was the value of property converted by the defendant. This brings us to the principal contention of the defendant: That failure to disclose what books the plaintiff had listed under the word "miscellaneous" was prejudicial in that he did not have an opportunity to show the second-hand value of these books. The defendant fails in his brief to point out in what particular manner and way he was prejudiced, other than the mere assertion of prejudice. The record in this case affirmatively shows that the defendant had present at the trial two expert witnesses as to the second-hand value of books, to wit, the witnesses C. W. Terry and J. H. Miller, who were present in the courtroom and heard the testimony of the plaintiff with reference to the names of the books he had referred to as "miscellaneous" and to the value the plaintiff placed thereon, and the record further shows that the witnesses Terry and Miller testified for the defendant and gave testimony as to the value of all the books alleged to have been converted, including the books listed by plaintiff under the heading "miscellaneous." It therefore affirmatively appears from the record that the defendant not only had the opportunity to defend as to the names and prices of the books referred to in plaintiff's petition as "miscellaneous," but that in fact he did show the second hand value of these books.

This court, in the case of Griffin Grocery Co. v. Scroggins, 145 Okla. 9, 293 P. 235, holds as follows:

"A motion to make more definite and certain is addressed largely to the discretion of the court and its ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party, and where the facts sought by such motion are within the knowl-

edge and possession of the movant, it is not error to overrule the same."

Section 319, C. O. S. 1921 (sec. 252, O. S. 1931), provides:

"The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

A further question argued in connection with this contention is that the plaintiff failed to set forth the individual prices of each item of silverware shown in the list attached to plaintiff's petition. The defendant states that inasmuch as the price was the only issue, it became very difficult for the defendant to present proof in regard to the value of this silverware without the plaintiff having alleged the separate prices of the different articles. We are not impressed with this argument, and fail to. see in what particular manner the defendant could have been prejudiced by reason of the refusal of the court to require the plaintiff to separately price each article of silverware. We are unable to see where or how the defendant was prejudiced by the failure of the court to sustain his motions, and we find no reversible error in the ruling and action under the first presented assignment of error.

2. The next assignment of error argued is:

"The court' erred in failing to permit S. T. Davis to testify the amount the articles sold for at the sale."

The record discloses that an auction sale was held by the defendant, Joe Hodges, on the 28th day of June, 1928, and that a portion at least of the plaintiff's personal property was auctioned off at this sale by the defendant, and at the trial the defendant questioned the witness S. T. Davis as to the sale price of certain articles.

The case-made, at page 404, on this point shows as follows:

"When, please, did that sale take place? On June 28, 1929."

Case-made, page 403:

"How much did you receive from—?"

At this point an objection by the plaintiff as to the competency, relevancy, and materiality of this answer was interposed.

"The Court, All right, sustained. By Mr. Montgomery (Attorney for the defendant): All right, that list itself shows the amount for which the articles were sold."

It will thus be seen that the attorney for the defendant acquiesced in the court's refusal to permit the witness S. T. Davis to testify as to the amount the articles of personal property were sold for at the sale. And, of course, having acquiesced therein, the defendant is not in position to urge this as error on the part of the trial court.

The record discloses that the witness S. T. Davis at the . time the sale was held made a list of the articles sold at the auction sale and the price that each article brought. After the above-mentioned proceedings were had, the defendant then offered in evidence this memorandum made by the witness S. T. Davis. The trial court refused to admit the memorandum in evidence, except for the purpose of showing the name of the purchaser thereof and the article sold, excluding the sale price of each article, as shown by the memorandum. The defendant excepted to the ruling of the court on the elimination of the prices, and it is at this ruling of the court that the defendant directs his argument under his second contention. The defendant in his brief assumes that this memorandum was competent, independent evidence, and devotes considerable space in his brief to the argument of the proposition that the price of the merchandise obtained at a fair cash sale at auction is competent for the purpose of ascertaining the true market value. For the purpose of this opinion, it is not necessary to pass upon the question of whether or not the price of merchandise at a fair and open auction sale is competent for the purpose of ascertaining the true market value of the property sold. It is not contended by the defendant that this list, containing the name of the purchaser, the article of property and the price obtained therefor at the auction sale, was a book of account, and therefore the only theory upon which this list was admissible in evidence in this case was that it was a memorandum made by the defendant's agent, S. T. Davis, at the time of the auction sale. Was this list therefore admissible as memorandum? We think not.

In the case of First National Bank of Enid v. Yeoman, 14 Okla. 626, 78 P. 388, this court lays down the following rule as to when written memoranda of subject and events made by one of the parties to an action are admissible in evidence:

"Written memoranda of subjects and events pertinent to the issues in the cause made contemporaneously with their taking place, when shown by the oath of the per-

son making them that they were known to be correct when made, may, when the memory of the witness is deficient, be referred to to refresh the memory of the witness and when so used, if the witness is unable to state the facts so recorded, such memoranda may be introduced in evidence, not as independent proof, but to supply the details of what the witness has sworn to generally."

The record shows that the witness S. T. Davis was the manager of the defendant's transfer business.

The record fails to show that the witness S. T. Davis suffered any defect in memory as to the sale price set forth in the list, and the record further shows affirmatively that the defendant sought to introduce the memorandum made by Davis as independent evidence of the sale price of the articles contained in said list.

Quoting again from the case First National Bank of Enid v. Yeoman, supra:

"But in any case before this class of evidence can be admitted, it must be shown by the witness whose memory is to be refreshed that the memorandum was made by himself at the time of the transaction concerning which he is questioned, or so soon thereafter that it is apparent that the transaction was fresh in his mind and that he knew it to be correct when he made it. If, then, after referring to the memorandum the witness is unable to recall the facts without the aid of it, it may be introduced and read in evidence, not as independent proof, but as evidence of what the witness testified from it."

We therefore hold that the trial court was correct in excluding the list in question from being introduced in evidence, because of the fact that there was no proper predicate or foundation laid for the introduction thereof.

3. The third contention of the defendant in this case is:

"That the court erred in refusing to permit E. B. Blum, defendant's witness, to testify as to value of articles in defendant's possession similar to those sued for by plaintiff."

At the trial the defendant offered in evidence certain articles obtained by him from the goods stored with him by plaintiff, and sought to show the value of the particular goods in question. In connection with this contention, the defendant's exhibits 1 and 2 were chinaware, and the court refused to permit the defendant to show the value of these exhibits, stating as follows:

"To make this competent you will have to show that the dishes that were sold were the same quality and character of these."

It was not the contention of the defendant that the exhibits 1 and 2 were of the same quality and character of the dishes that were sold, but that these particular exhibits were obtained from the merchandise stored with the defendant. The record in this connection shows that after the statement of the trial court immediately above quoted, the attorney for the defendant made this statement:

"I don't contend that, your Honor. I want to do this inasmuch as this stuff was in his shipment. I have a right to show the class of merchandise he had for the purpose of giving to the jury."

In his brief, at page 52, the defendant makes the following statement:

"The defendant sought to prove by his witness Mr. E. B. Blum that the character of merchandise was poor and the value thereof was very low compared to the statement of plaintiff in his direct examination."

The point in issue was not the quality or character of other articles of personal property belonging to the plaintiff that had not been converted by the defendant, but was the value of the articles of personal property that the defendant had converted. This evidence, in our opinion, was not competent and was not pertinent to the issues involved in this case. The defendant had the right to show the value of the merchandise converted, but he did not have a right to show that there was other merchandise of an inferior quality and character contained in the plaintiff's stored goods, and for which the plaintiff did not seek any recovery. The defendant in his brief fails to cite any authority in support of his contention that this evidence was competent, and we therefore hold that the trial court committed no error in excluding this offer of the defendant in evidence, because "it is not error to exclude evidence that has no bearing on and does not tend to prove or disprove any issue raised by the pleadings." Waters v. Dore, 50 Okla. 183, 150 P. 885.

The defendant has, as set out, twelve assignments of error, and at the commencement of his argument states that the "plaintiff in error, hereinafter referred to as defendant, relies upon each of the assignments of error set out in his petition in error," despite the fact that in conclusion the following statement is made:

"In conclusion we wish to say that we

have argued only those assignments of error in which we had faith and by reason of which we think we were deprived of substantial rights in the trial of this lawsuit."

We have examined the other assignments of error not argued by the defendant, and we find no merit therein.

Finding no reversible error in the record, the judgment of the district court is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys A. W. Billings, J. Wilford Hill, and J. E. Falkenberg in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Billings and approved by Mr. Hill and Mr. Falkenberg, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.