## BRAZELTON'S WHOLESALE CLEANERS & DYERS et al. v. CASH.

No. 27669. March 29, 1938.

Rehearing Denied April 26, 1938.

Stuart, Bell & Ledbetter, for plaintiffs in error.

Gill & Caldwell, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error in an action brought by him to recover a balance alleged to be due under a contract of employment with plaintiffs in error.

The parties will be referred to as in the trial court.

Plaintiff alleged in substance that he entered into a written agreement with defendant on or about January 7, 1932, which designated the Brazelton Wholesale Cleaners & Dyers, a corporation, as first party, and John D. Cash as second party, and recited:

"Whereas, first party is engaged in the business of cleaning and dyeing wearing apparel at its place of business at 404 West 9th street, Oklahoma City, and

"Whereas, second party is engaged in the business of soliciting cleaning work from numerous and sundry independent cleaning and pressing shops in Oklahoma City, and is desirous of entering into this agreement with first party for the purpose and with the intent that first party shall assist said second party in his occupation to the extent of cleaning said wearing apparel so solicited by second party at the regular and prevailing price set by first party for such service."

It then provided:

"Now, therefore, in consideration of the sum of $1, and the mutual promises and considerations hereinbefore and hereinafter expressed, said second party agrees to deliver all of said cleaning work so solicited by him for a period of eighteen months after the date hereof to second party, and in consideration of said promise said first party agrees to allow second party a discount of 50% upon all business received through second party.

"This Agreement shall extend to and be binding upon the heirs, successors and assigns of the parties hereto.

"Witness our hands this day and year first above written."

It was signed:

"A. D. Brazelton.
"Brazelton's Wholesale Cleaners and Dyers, a corporation.

"By: _____, President.
"Party of the First Part."

Plaintiff alleged that he worked under said agreement until November 1, 1932, during which time he had delivered cleaning and pressing work to defendants amounting to $7,097.33, of which sum he was entitled to one-half, or $3,548.60; that he had been paid but $1,870.55, leaving a balance due him under the contract to that date of $1,678.11. He then alleged that on November 1, 1932, said agreement was amended in writing as follows:

"Amendment to Contract between A. D. Brazelton and J. D. Cash as of Jan. 7th, 1932.

"Whereas it being agreeable to both parties concerned, it is agreed to take Novem-

ber, December, 1932, and January, 1933, out of the original contract and add August, September and October of 1933 to end said contract.

"It is understood and agreed that J. D. Cash is to receive $50.00 per week for his business during the months of November, December and January.

"It is also agreed that new customers gained through the efforts of J. D. Cash during this period are to be considered his.

"(Signed) A. D. Brazelton.
"(Signed) J. D. Cash."

That under the terms of said amendment, Cash worked for defendants at $50 per week for the three months; that at the expiration of said three months defendant refused to reinstate the original contract, but permitted plaintiff to continue work, and plaintiff did continue to work under the amendment until August 4, 1932; that during the time he worked under the amended agreement he was paid all he earned thereunder except the sum of $1,229.38, which latter sum he alleged remained unpaid. He prayed for judgment in the total sum of $2,907.49.

Defendants filed a motion to require plaintiff to make his petition more definite and certain by setting out the various items of cleaning and pressing totaling the sum of $7,097.37, alleged in the petition as having accrued from January 7, to November 1, 1932; to state the payments aggregating the sum of $1,870.55, alleged to have been paid plaintiff on his one-half of the total amount of work furnished under the agreement; and to state the various amounts of payments made on his compensation at the rate of $50 per week, and the dates of such payments, aggregating $1,229.38.

The court overruled the motion as to the first two requests and sustained it as to the third request.

Defendants answered separately.

Defendant corporation answered by general denial with admission of the execution of the agreement and amended agreement. It then alleged payment in full all that plaintiff had earned or was entitled to thereunder, and more; that the agreement and amendment were declared canceled and satisfied in full by both parties, and then alleged that plaintiff was indebted to it in the sum of $2,000, and by way of cross-petition prayed judgment against plaintiff in the sum of $2,000. Defendant answered by general denial and:

"He admits that he signed the first con-

tract, to wit; the contract dated the 8th day of January, 1932, as president of Brazelton's Wholesale Cleaners & Dyers, a corporation; that he did not intend to sign said contract personally; that by an oversight he placed his name over and above the name of Brazelton's Wholesale Cleaners & Dyers instead of above the word 'president,' where it should have been placed, and where he intended it to be placed. This defendant was not interested in personally or a party to said contract. Likewise this defendant alleges that when he signed the amended contract, a copy of which is attached to plaintiff's amended petition, he intended to sign the same as president of and for the Brazelton's Wholesale Cleaners & Dyers, a corporation; that by mutual mistake of plaintiff and this defendant, the contract of January 7th, 1932, was referred to in said amendment as 'contract between A. D. Brazelton and J. D. Cash.' Said amendment, a copy of which is attached to said amended petition, was executed by this defendant as president of and for the defendant corporation. This defendant alleges that it was not intended by plaintiff and by this defendant that said contract should be signed by this defendant personally. This defendant pleads that it was intended by and between plaintiff and this defendant that this defendant should not be personally liable on said contract."

Reply was a general denial.

The issues thus joined were tried to a jury, resulting in a verdict and judgment for plaintiff against both defendants in the sum of $2,907.49, and defendants appeal.

Joint petition in error is filed, but separate assignments of error are presented.

It is first contended that the court erred in overruling the first request in the motion of defendants to require plaintiff to make his petition more definite.

It is conceded that a motion to make more definite and certain is addressed largely to the discretion of the trial court. In this case it is contended that the court "committed an abuse of discretion in its ruling on the motion." It is well settled that when a petition is indefinite and uncertain in its allegations, the same should be made definite and certain on motion of the adverse party. Swarts et al. v. State ex rel., 70 Okla. 205, 174 P. 255.

There is nothing indefinite in the petition of plaintiff as to the amount claimed and how plaintiff claims the liability arose. The only complaint is that the petition did not set out the various and particular items going to make up some $7,000 worth of busi-

ness alleged to have been brought to defendant under the agreement.

The ruling of a trial court on such a motion will not be held erroneous except for abuse of discretion which results in prejudice to the complaining party (Commercial Cas. Co. v. Adkisson, 152 Okla. 216, 4 P.2d 50; Hodges v. Reynolds, 170 Okla. 345, 40 P.2d 1025) ; and where the facts sought by such a motion are within the knowledge and possession of the movant, it is not error to overrule same. Schaff v. Coyle, 121 Okla. 228, 249 P. 947.

It may be observed that defendants did not allege in their motion that the facts sought, that is, the various items of the business, were not available to them. The record discloses that the books showing the transaction upon which plaintiff's claims were based were kept by defendants. Had the motion been sustained, plaintiff would have been compelled to go to the books kept by defendants for the information. Defendants were in a better position to know the various items asked for than plaintiff.

There was no prejudicial error in the ruling.

It is next contended that the court erred in admitting in evidence certain exhibits offered by plaintiff. The contention is that the evidence was hearsay. The exhibits were "adding machine" slips representing the various items of collections made of the business brought to defendants by plaintiff, and the various items of the payments received by plaintiff on account thereof, as shown and taken from the books of the company and a book of entry of such payments kept by plaintiff.

The original books referred to were introduced in evidence without objection. (Record, pp. 48-49.) Defendant has not seen fit to incorporate those exhibits in the casemade. The exhibits objected to are recapitulations of said book entries.

The ultimate fact to be ascertained was, of course, the total amount of the various items of collections and payments, and the difference between the total amount collected for work done, which was to be divided by two; the total of the various items received in payment by plaintiff. The difference, if any, between one-half of the total collections from work done for customers brought to the firm by plaintiff and the total of the various sums paid to and received by plaintiff would represent the amount due plaintiff.

The exhibits were clearly admissible under the rule followed in Hooven et al. v. First Nat. Bk. of Ardmore, 134 Okla. 217, 273 P. 257, 66 A. L. R. 1203, and cases therein cited.

It is next contended that the court erred in refusing an instruction offered by defendants in effect directing the jury to disregard and not consider certain evidence to the effect that plaintiff and defendants had orally agreed that as to all accounts of customers brought to defendant by plaintiff, which were not paid, the loss occasioned thereby should be borne equally between plaintiff and defendant. This is said to be an attempt to vary the terms of a written contract by oral testimony.

It is true that where the terms of a written contract are clear, plain, and free from ambiguity, parol testimony is not admissible to change or vary its terms. But in this case the written contract is silent on the particular question of what should be done in case cleaning brought in by plaintiff under the contract was not paid for by the customer. In such case oral evidence is admissible to show how the parties themselves treated the contract.

The evidence on this point offered by plaintiff was introduced without objection. Furthermore defendant Brazelton testified that his understanding of the contract was that Cash was to receive "fifty per cent. on some business brought and collected for, supposed to get 50 from the time that contract started until along about November, when for a three months' period he worked for $50 a week, and after that was over we go back on the original contract." (C.-M. p. 251.)

There was no error in refusing the requested instruction.

Defendants pleaded payment in full. In this connection they offered in evidence a number of receipts admittedly signed by plaintiff, which, if the amounts of the several receipts were correctly stated, would probably have shown that plaintiff had received all that was due him. But when confronted with said receipts, plaintiff asserted that a number of the receipts so offered had been raised in amount. For instance, he testified that where he had signed a receipt for $3, an "0" had been inserted after the figure 3, so as to make the receipt read $30 instead of $3.

Defendants offered certain instructions to the effect that the burden was upon plain-

tiff to refute the correctness of the receipts and to show by circumstances from which the inference is natural and irresistible that the receipts had been raised. The court refused the instruction, which defendants contend was error. In support of their contention they cite a number of cases going to the question of evidence required to vitiate a contract claimed to be obtained by fraud. That is where fraud going to the inducement of the execution of a contract admittedly executed. Such is not the case here. Plaintiff did not contend that the receipts upon which signature appears when signed contained a larger amount than he actually received, and that he was induced by fraud to sign such receipts. Rather his claim is alteration of the receipts after he signed them. Defendant Brazelton admitted that many, if not all, of the questioned receipts had in fact been changed after plaintiff signed them. His explanation was that plaintiff would often come into the office and defendant would pay him a small sum, say $2. That a receipt would be made out therefor and signed by plaintiff. That later in the same day, plaintiff would be paid an additional sum, say of $18, and instead of making another receipt therefor, an "0" would be written in the original receipt after the figure "2" thus raising it from $2 to $20. This was denied by plaintiff. He insisted the receipts had been raised or altered without his knowledge, and without his having received any additional pay. The alteration of the challenged receipts having been admitted, the circumstances under which the alterations were made became a question of fact for the jury.

Defendants complain of alleged error in the court's instructions. We find no substantial error in the instructions given. They fairly presented the law applicable to the issues joined and the evidence in the case.

Finally, defendant A. D. Brazelton contends that the court erred in not sustaining his separate demurrer to the evidence of plaintiff, and in refusing to direct a verdict in his favor. His contention is that he was at all times acting for the corporation, and was in no way individually liable.

This very issue was raised in the pleadings, and under the record as a whole we cannot say that there was no evidence reasonably tending to support the verdict as against the defendant A. D. Brazelton.

The judgment is affirmed.

BAYLESS, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.