## MITCHELL et al. v. LEHMER, Ex'r.

No. 28914. Oct. 17, 1939.

Geo. C. Crump and H. W. Carver, both of Wewoka, and W. L. Seawell, of Okemah, for plaintiffs in error.

James C. Wright, of Okemah, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Okfuskee county, in an action brought by defendant in error, as executor of the estate of Edwin A. Welty, deceased, against the plaintiffs in error, to recover upon a note for $500, and to foreclose a real estate mortgage securing same, said note and mortgage having been executed by defendants on January 28, 1928.

The petition alleged the note and mortgage were executed by defendants and delivered to J. L. West, who thereafter sold and transferred same to plaintiff's decedent for valuable consideration; alleged same to be due and unpaid, and asked that the land be appraised, as provided in the mortgage, and that the property be ordered sold to satisfy the existing debt.

Defendants' motion to make more definite and certain was overruled. Defendants then answered, denying that plaintiff's decedent had acquired the note and mortgage before his death for a valuable consideration, for the reason said note and mortgage were executed to one J. L. West, who was in fact a fictitious person, incapable of receiving same. By cross-petition defendants further alleged that since J. L. West was an artificial person, incapable of releasing said mortgage, they had been prevented from securing a loan upon this property. Further, that they had, for the same reason, been prevented from consummating advantageous sales of oil and gas lease for $600; leases upon this property; and to their damage in the sum of $8,000.

Plaintiff's demurrer to this cross-petition was sustained, and defendants filed amended cross-petition. Plaintiff was permitted to file an amended petition, and upon the

issues made by such pleadings the cause was tried, without a jury, April 4, 1938. Judgment was entered against defendants for $765.40, interest and attorney's fee. The mortgage was foreclosed and the land ordered sold, subject to appraisement. The court further found against defendants on their cross-petition.

Seven alleged errors are asserted as grounds for reversal of the judgment of the trial court, which are presented under three propositions: (1) Error of the trial court in overruling the motion for new trial; (2) error of the trial court in not sustaining defendants' motion to make the plaintiff's petition more definite and certain; (3) the petition showed upon its face that the indebtedness was barred by the statute of limitations.

The argument is made, in connection with the trial court's alleged error in overruling the motion for new trial, that the evidence was insufficient to authorize the judgment rendered.

Under the pleadings, and in the opening statement of defendants' council it was urged that the original payee named in the note and mortgage was an artificial person, incapable of releasing the mortgage, although defendants made an honest effort to have same released by payment.

Defendants' evidence was that the transaction was made with Welty; that they did not know J. L. West; that payments were made through the bank; and that they had attempted to obtain a release of the mortgage, but were told by plaintiff's attorney that he did not know J. L. West, and he could not release the mortgage himself.

Plaintiff's testimony, given by deposition, showed the note and mortgage were a part of the assets of the estate of Edwin A. Welty, deceased; that he had been closely associated with Mr. Welty prior to his death, and knew the note and mortgage belonged to him during his lifetime and were in his possession at the time of his death and were included in the inventory of his estate; and that he had been ready and willing to execute a release of the mortgage and surrender of the note upon payment, but that no part of the principal had ever been paid and no interest had been paid since January, 1934.

The granting or denial of a motion for new trial is addressed to the sound legal discretion of the trial court, and in the absence of an abuse of discretion, the action of the trial court will not be reversed, and in view of the evidence, we are unable to say that the trial court abused its discretion.

Defendants also contend the trial court erred in overruling their motion to require plaintiff to make his petition more definite and certain.

To the plaintiff's petition, defendants filed their motion asking that the petition be made more definite and certain by: (1) Stating the date of the assignment of the note and mortgage alleged in the petition; and (2) stating whether the assignment was oral, or in writing, and if in writing, to require plaintiff to attach a copy of same to the petition, or to furnish defendants with a copy of the assignment. This motion was overruled by the trial court.

Motions to make more definite and certain are addressed to the discretion of the trial court. Templeton v. Mutual Life Ins. Co. of N. Y., 177 Okla. 94, 57 P.2d 841; and Brazelton's Wholesale Cleaners & Dyers v. Cash, 182 Okla. 493, 78 P.2d 810.

By the principle that under the requisites of a petition it was only necessary for the petition to contain positive averments of essential facts (Hoover v. Board of Com'rs of Garvin County, 157 Okla. 225, 13 P.2d 207), and since the allegations were sufficiently certain to enable the court to understand the wrongs complained of and the remedies sought, we conclude that the trial court did not err in the exercise of its discretion, it being unnecessary for the petition to set out evidentiary facts. City of Guthrie v. Finch, 13 Okla. 496, 75 P. 288.

Defendants further urge, as ground for reversal of this cause, that the petition shows upon its face that the indebtedness is barred by the statute of limitations. No authorities are cited in defendants' brief to sustain this contention, the only argument being that the note sued upon was executed January 28, 1928, payable five years thereafter, and the copy of the note, attached as an exhibit, shows no payment.

The undisputed testimony of plaintiff was that the last interest payment upon this note was in January, 1934. From these facts, revealed by the record, it is clear that from the date of the last payment, January, 1934, until the present action was brought on September 2, 1937, less than the five years prescribed by section 101, O. S. 1931, 12 Okla. Ann. § 95, had elapsed, and we therefore hold the note in question was not barred by the statute of limitations.

We conclude that this evidence was sufficient to sustain the judgment of the trial court, and since, where jury is waived and the cause is tried to the court, its judgment must be given the same force and effect as a jury verdict, and same will not be disturbed on appeal if there is any competent evidence to support it (McConkey v. Brittain, 181 Okla. 53, 72 P.2d 348), the judgment is affirmed.

Supersedeas bond having been executed herein and plaintiff having asked judgment thereon, judgment is hereby rendered on the bond, to be enforced in the trial court.

WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur.