### JOHNSON v. GAINES.

*96 P.2d 68.*

No. 28960.   Nov. 21, 1939.

Shirk, Paul, Earnheart & Shirk (A. H. Lee, of counsel), of Oklahoma City, for plaintiff in error.

Mark B. Ingle, of Oklahoma City, for defendant in error.

GIBSON, J. Plaintiff in error appeals from a judgment rendered against him in favor of defendant in error for certain professional services rendered to plaintiff in error and members of his family. The parties are hereinafter referred to as they appeared in the trial court.

The statement attached as an exhibit to the petition set forth with some particularity the items and dates of the services rendered. Defendant complains of the overruling of his motion to make the petition more definite, but points to no prejudice, nor does the record show that he suffered any by the ruling. There was no error therein. Hodges v. Reynolds, 170 Okla. 345, 40 P. 2d 1025.

Defendant charges the verdict excessive in that no evidence was offered to sustain all the items contained in the statement. The services involved were rendered over a period of ten days, commencing with the treatment of defendant. A substantial portion of the services were rendered to defendant and his

wife, their indisposition at the time being in large measure occasioned by the serious illness and death of their son, whom the plaintiff also attended. Considerable testimony by plaintiff as well as by other witnesses was adduced to show the time, nature, and extent of plaintiff's services. Controverting evidence was produced by defendant. Our examination of the record discloses a detailed proof by plaintiff as to his services. The amount of the verdict is challenged only by reason of the charged failure to prove the items of plaintiff's itemized statement of services. The value of the services is not questioned. While the exact character of the services rendered was not fully sustained as alleged, the evidence does reflect services rendered to defendant and his family over the period involved in sufficient conformity with that pleaded to support the verdict.

Error is charged in the admission of certain testimony relating to defendant's financial responsibility and ability to pay; that relating to a compromise offer, and that of certain hypothetical questions as assuming unproven facts.

The evidence referred to arose principally as an incident to inquiry by plaintiff's counsel as to the reasonableness of the amounts of plaintiff's charges. No proof was offered or received as to defendant's financial worth. Defendant testified as to his occupation.

A tender of an amount substantially less than that claimed was made on behalf of defendant in open court at the commencement of trial. The reference to compromise offer by plaintiff's counsel followed extended inquiry by defendant's counsel as to the same matter.

The hypothetical questions claimed harmful were propounded in connection with testimony as to the value of the services rendered, and are said to be harmful because of failure to accurately state the time spent in attendance upon the case. The record reflects the questions to have outlined the period of services as testified to by plaintiff. We find no error in this assignment.

Defendant charges reversible error in the following instruction:

"Gentlemen of the jury, the defendant in this case has made a tender in the case in the sum of $54. This tender is only to be considered by you for the purpose of showing that the defendant admits he did employ the plaintiff and that the plaintiff rendered services to him, but he denies that he owes him the sum asked by plaintiff, and says that he only owes the plaintiff, instead of $298, the sum of $54."

As previously pointed out, defendant made tender of $54 in the presence of the jury. The verdict is for $298, an amount less than that sought by the petition. While defendant by his answer had denied the employment of plaintiff, the record otherwise than by the evidence of tender clearly made out the employment of plaintiff and the acceptance of his services by defendant and his family.

Section 415, O. S. 1931, 12 Okla. St. Ann. 1106, which provides in part that, "The offer shall not be deemed to be an admission of the cause of action, or the amount to which the plaintiff is entitled, nor be given in evidence upon the trial," by its terms relates to an offer made before trial of the cause and the effect of which is the conditional avoidance of liability for further costs. Here the offer was referred to in defendant's counsel's opening statement, and thereafter formal tender made and discussion thereof had in the presence of the jury after commencement of trial. Later, on direct examination, defendant testified in detail as to the make-up of the amount offered, and the tender was slightly increased and then again renewed. Under the record we are impressed that defendant cannot be heard to complain of the instruction as given, and that he was not prejudiced thereby. 26 R.C.L. 650 (32), 651 (33).

The record reflects no reversible error, and the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and HURST, JJ., concur.