Archie S. CUMMINGS, also known as A. Cummings, Plaintiff in Error,

v.

Ann GARRIS, Administratrix of the Estate of Nettie Wolfe Cummings, Deceased, Defendant in Error.

No. 38874.

Supreme Court of Oklahoma.

April 11, 1961.

Rehearing Denied June 20, 1961.

E. William Brown, Oklahoma City, for plaintiff in error.

Caldwell & Warren, Roper & Roper, Oklahoma City, for defendant in error.

PER CURIAM.

Nettie Wolfe Cummings in 1949 owned a home at 321 N. W. 5th Street in Oklahoma City. She was born October 21, 1865. She had this home place up for sale. The defendant, Archie Cummings, was a real estate broker in Oklahoma City. He found a buyer for the property for a price of $10,-000.00 and the property was sold. He received from Mrs. Nettie Wolfe Cummings $500.00 as his commission. This transaction was closed on July 27, 1949. These two persons, although of the same name, were not related either by blood or marriage.

On November 18, 1949, Mrs. Cummings came to the office of the defendant and after some discussion in regard to her situation and desire she wrote the defendant a check for $5,000.00 and took his personal note for that amount due six months after date. It bore interest at the rate of 5% per annum. Interest was paid on this note May 19, 1950, and December 6, 1950, for $125.00 for each payment. There was a notation on the back of this note which said: "Paid in full Nov. 7, 1950" and signed by Nettie Wolfe Cummings.

In addition to this $5,000.00 note the evidence showed that the deceased advanced

the defendant the following amounts and the dates thereof:

| | |
|---|---|
| "$2,000.00 | October 15, 1951 |
| 2,000.00 | October 21, 1952 |
| 1,000.00 | December 20, 1952 |
| 50.00 | December 20, 1952 |
| 1,500.00 | April 1, 1954 |
| 2,200.00 | May 27, 1954 |
| $8,750.00 | |

Parties will be referred to as they appeared in the trial court.

It was admitted that the defendant defrayed the burial expenses of the deceased and erected a monument at her grave. The entire cost of both items amounted to $1,001.44.

Nettie Wolfe Cummings passed away on February 17, 1955. She would have been ninety years old the next October.

The administratrix of the estate of deceased brought suit against the defendant for $12,748.56, which amounted to all the money that the defendant had received from the deceased except the expenses for burial and the monument. The suit was for money obtained by fraud.

The case was tried to a jury which returned a verdict for the plaintiff for $7,748.56. This was exactly $5,000.00 less than the amount deceased had advanced the defendant after deducting the amount of burial and monument expense.

It is clear from the evidence in this case that the question to be determined is whether the different sums of money Nettie Cummings advanced to the defendant were gifts or money placed in his hands as a fiduciary to use to take care of Nettie Cummings in her remaining years.

There is some evidence of fraud which was rebutted by the defendant but that evidence, together with evidence which indicated that the advances of funds to the defendant were not gifts was sufficient to make a jury question. It was the defendant' own statements that were enough to cause the jury to believe that none of the money was advanced to the defendant as gifts. Three places in his testimony are quoted by us:

"Q. What happened then? A. She said, I am going to do something with my money, and I would like to have you take it and use it because I have more than I will ever need, and she said, well I would like to give you some money, and I said, why Nettie, what do you mean and she said, 'Well, I would like to give you some money and put some in my savings account you helped me because I am alone and need someone to help me', and I said, 'well, Nettie, I couldn't take your money unless I gave you some sort of security, a note or something,'—I don't know or something like that, I don't remember exactly the words.

\* \* \* \* \* \*

"A. Mrs. Cummings said, 'Archie, I want you to have this money to help take care of me, \* \* \*.'

\* \* \* \* \* \*

"Q. Now, you say there might have been other sums. Do you recall now what they are? A. I'd say I don't recall exact amount but other sums of money that Nettie transferred to me to take care of her for the rest of her life, does that help you?

"Q. There was other sums necessary to be transferred to you to take care of her for the rest of her life?

A. Uh-hun, to use in her welfare."

Inasmuch as the administratrix is attacking the validity of these inter vivos gifts for fraud and undue influence the burden of proof was upon her in respect thereto. However, a presumption of invalidity on such ground arises in a case of a gift to one in a dominant position, such as a fiduciary or one in a relation of trust and confidence. See 38 C.J.S. Gifts § 65(f). We like the statement in Bohn v. Gruver, 111 Cal.App. 386, 295 P. 891, 895, which is:

"Where a relation of trust and confidence exists between the parties the extreme age and infirmity of the

grantor, together with slight evidence of circumstances from which it may be inferred that the gift or conveyance was the product of coercion, will suffice to shift the burden and require the beneficiary to show affirmatively that the transaction was fair and free from undue influence. And this rule applies not only to those who bear a formal relation of trust to those with whom they deal, but in every case where there has been confidence reposed which invests the person trusted with an advantage in treating with the person so confiding."

■ Three things are necessary to be shown to prove a gift inter vivos and are: 1. Intention to give. 2. Complete delivery of the thing given. 3. Acceptance by the donee. The element lacking here is the first and that is the intention to give. The jury thought and so do we, that the deceased never intended to give defendant this $13,750, but did place it in his hand to be used for her welfare. See Foster v. Rose et al., 205 Okl. 397, 238 P.2d 332.

■ In our opinion from the defendant's own testimony these advances of money were not gifts but money advanced to defendant to use for the support and maintenance of Nettie Wolfe Cummings.

Since the jury allowed defendant $5,000.00 deduction from the amount sued for indicates that it thought the defendant was entitled to have the note cancelled, or that he was to have that amount for his services or that deceased intended for him to have $5,000.00 as a gift.

Regardless of what prompted the jury verdict the instructions given the jury were proper and it could render the verdict it did.

As to defendant's first contention that the trial court erred in overruling demurrer to the evidence and motion for a directed verdict, we think it is without sound foundation because of the evidence heretofore mentioned.

As to defendant's second proposition there is no merit because no such instruction was given. That was one of the plaintiff's contentions in her petition and trial court only stated what that position was.

Defendant's proposition three has no weight because it matters not under the facts of this case whether she was competent and had independent advice. If the jury believed that these advances of money were not gifts that was all that was necessary for their verdict.

■ As to defendant's fourth contention that it was error to instruct on fraud we cannot go along. The evidence of fraud and deceit was not great but there was evidence that defendant said he was going to buy Nettie a home at one time and an apartment house at another. She could have thought that was where her money was to go.

We cannot agree with defendant as to the fifth proposition that he did not have a fair trial. No improprieties with merit are pointed out. The trial was fairly conducted.

■ As to the sixth contention that the statute of limitations had run there is no merit. If these advances to defendant were made for him to use in taking care of the deceased the cause of action would not arise until the time of her death under any circumstances. As to the note, five years had not elapsed since December 6, 1950, the date of the last payment on the note. 12 O.S. 1951 § 95, subd. 1. Mitchell v. Lehmer, Ex'r, 185 Okl. 530, 94 P.2d 916.

■ If the jury considered that the money was fraudulently obtained the statute of limitations would not run until two years had elapsed since the discovery of the fraud, or from the time it should have been discovered. 12 O.S.1951 § 95, subd. 3.

This case is affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in con-

ference, the foregoing opinion was adopted by the court.

WILLIAMS, C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.