Mr. and Mrs. Donald E. CHASTAIN, Plaintiffs in Error,

v.

Mrs. Alene PARKHURST, Defendant in Error.

No. 42401.

Supreme Court of Oklahoma.

July 14, 1970.

Woodson & Gasaway, Tulsa, for plaintiffs in error.

Grady S. Cornett, Tulsa, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the trial court sustaining demurrer of defendant (defendant in error herein) to plaintiffs' petition. On appeal, reference to the parties will be made as they appeared in the trial court.

In their petition, plaintiffs alleged that two of the three defendants named therein had instituted an action against plaintiff Donald E. Chastain in the justice of the peace court over which the other named defendant, Alene Parkhurst, presided; that after summons allegedly had been issued, judgment was entered in such action and garnishment summons issued to plaintiff Donald E. Chastain's employer; and, that

the issuance of garnishment summons resulted in the employer's withholding of $30.33 from plaintiff's salary check. Plaintiffs further alleged that the sum withheld had never been returned to them. In reference to the purported acts of defendants, the following statements and allegations were made in plaintiffs' petition:

\* \* \*

"IV.

"That said action, in its entirety was wrongful and without legal basis and that the garnishment summons so issued was completely illegal and wrongful.

V.

"Plaintiffs allege that said suit was filed without legal basis and that said garnishment was wrongful from the date of issuance and was therefore void and without legal effect. That it was issued illegally and contrary to law by defendant Parkhurst."

\* \* \*

"VIII.

"Plaintiff alleges that the aforementioned acts of the defendants, and each of them, were wholly without basis or justification and were committed knowingly and in willful or grossly negligent violation of the rights of the plaintiff herein."

Based upon these allegations in their petition, plaintiffs sought to recover both exemplary and actual damages from defendants.

Defendant Parkhurst demurred to plaintiffs' petition on the ground it failed to state facts sufficient to constitute a cause of action. From a judgment sustaining this demurrer and an order overruling their motion for new trial, plaintiffs appeal.

■■ In reviewing a judgment sustaining a demurrer to a petition, all facts well pleaded in the petition must be taken as admitted to be true. However, the demur-

rer does not admit conclusions unattended by allegations to support them. State ex rel. Nesbitt v. Liberty National Bank and Trust Co., Okl., 414 P.2d 281.

Section 264, 12 O.S.1961 requires, among other things, that a petition contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." In reference to this requirement of a statement of the facts, this Court in Hoover v. Board of County Commissioners of Garvin County, 157 Okl. 225, 13 P.2d 207, following Smith v. Board of Commrs., 26 Okl. 819, 110 P. 669, said:

> "A pleading should contain a positive statement of essential facts, and it must be, when assailed by demurrer, held insufficient where it merely states conclusions."

In our opinion, application of the above quoted rules to plaintiffs' petition filed herein requires our affirmance of the trial court's judgment sustaining defendant Parkhurst's demurrer. As recited above, plaintiffs' petition pleads the filing of the action in the justice of the peace court, the entry of judgment and the issuance of the garnishment summons. Plaintiffs then allege that the filing of the action and the subsequent issuance of garnishment summons were "wrongful and without legal basis", "illegal" and "void." These terms are mere conclusions. Although plaintiffs allege in their brief that the justice of the peace action was void and wrongful on the grounds of lack of jurisdiction of the court and of payment of the amount for which judgment was sought, no facts were plead in their petition to state such grounds or to support the conclusions pleaded therein.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.