**Tillie GOFORTH and John Goforth, Appellants,**

v.

**PORTER MEDICAL ASSOCIATES, INC., a corporation, and A. Standley Porter, M.D., individually, Appellees.**

No. 61236.

Supreme Court of Oklahoma.

May 31, 1988.

George R. Hanks, Craig & Hanks, Moore, for appellants.

Robert C. Margo, Cynthia L. Sparling, Oklahoma City, for appellees.

SIMMS, Justice:

This case comes to us on the pleadings alone, after the trial court sustained the appellee/defendant's general demurrer to the appellant/plaintiff's petition and by order dated December 16, 1983, dismissed the case. On review, we must, therefore, take all facts well pleaded as admitted to be true. *Eckel v. Adair*, Okl., 698 P.2d 921 (1984); *Chastain v. Parkhurst*, Okl., 473 P.2d 239 (1970). Our inquiry will be limited to discerning whether or not the plaintiff's petition alleged facts sufficient to state a cause of action.

The petition states that on August 2, 1980, the appellee performed a sterilization operation on the appellant, Tillie Goforth, and that the appellant was assured by the appellee that she was sterile. The petition further states that the appellant subsequently became pregnant and "did deliver a live child on the 9th day of October, 1981." The appellant further alleged that, as a result of the appellee's "negligence and unskilled acts" in performing an unsuccessful sterilization on Ms. Goforth, that the appellants "incurred medical bills of approximately $2,000.00" and "can reasonably expect to incur expenses for the future care of [the] child in the sum of $200,000.00."

We find it significant to note that the pleadings do not allege that the unplanned birth in this case resulted in anything other than the birth of a normal, healthy child. The parties themselves state as much in their briefs: the appellant referring only to a "live child" while the appellee states that Ms. Goforth gave birth to "a healthy baby" or "healthy, normal child." Accordingly, the trial court's finding that the appellants failed to state a cause of action for the recovery of expenses in rearing a normal, healthy child was correct, insofar as that conclusion conforms to our recent pronouncement in *Morris v. Sanchez*, Okl., 746 P.2d 184 (1987). In *Morris*, we cited with approval, and adopted the reasoning of the Kansas Supreme Court in *Byrd v. Wesley Medical Center*, 237 Kan. 215, 699 P.2d 459 (1985). Our holding in *Morris*, like that of

the *Byrd* court, was a narrow one. As the Kansas court stated:

> "*We are not concerned here with the ordinary damages arising from a claim of medical malpractice* in the performance of a sterilization operation—the expense of the unsuccessful operation, the pain and suffering of the patient, any medical complications caused by the unsuccessful sterilization or by the pregnancy, the costs of delivery, lost wages, or loss of consortium. *Likewise, we are not concerned here with an unsuccessful sterilization followed by the birth of a mentally retarded or physically handicapped child. Our concern here is only with one item of damages claimed* when it is alleged that a sterilization procedure was negligently performed, and that thereafter a normal, healthy child was born to the 'sterilized' parent. *Should the parent be permitted to recover as damages the full cost of rearing the child?* That is the issue."

*Byrd v. Wesley Medical Center,* supra, at 460. (emphasis added)

Our limited holding in *Morris*, like that of the Kansas court, answered the question in the negative. Quoting the Kansas Supreme Court's holding that the birth of a normal, healthy child is not a legal wrong for which damages should or may be awarded, we held, in *Morris*, that: "under the public policy of this state, a parent cannot be said to be damaged by the birth of a normal, healthy child, and the parent may not recover damages because of the birth of such a child." At 188. We reaffirm that holding here.

*Morris*, however, should not, and must not, be interpreted as precluding a claim for other forms of damages that may arise out of the negligent performance of sterilization operations. Insofar as the petition in this case alleges negligence and actual, ordinary damages arising out of the alleged negligence, to-wit: $2,000.00 in medical expenses incurred as a result of the unplanned pregnancy, we are of the opinion that the petition adequately states a claim for which relief may be granted.

Accordingly, that claim, and that claim alone, must be reinstated. The appellant's ultimate recovery, if any, will be predicated upon her making proper proof of the alleged act of negligence, the resulting injury and damages. See, e.g., *Middlebrook v. Imler, Tenny & Kugler, M.D.'s, Inc.*, Okl., 713 P.2d 572, 587 (1985); *Reeg v. Shaughnessy*, 570 F.2d 309 (10th Cir.1978).

The order of the District Court of Oklahoma County is, therefore, REVERSED IN PART AND AFFIRMED IN PART. The cause is REMANDED to that court for proceedings not inconsistent with the views expressed herein.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, WILSON, and SUMMERS, JJ., concur.

OPALA, J., concurs in part, dissents in part: I dissent and stand on views expressed in my separate opinion in *Morris v. Sanchez*, Okl., 746 P.2d 184 (1987).

KAUGER, J., concurs in part, dissents in part, and joins OPALA, J.

HODGES, J., dissents: I dissent for my reasons stated in my separate opinion in *Morris v. Sanchez.*