Rosana WOFFORD and Errol
Wofford, Appellants,

v.

Dr. Elaine Neill DAVIS, Appellee.

No. 61424.

Supreme Court of Oklahoma.

Oct. 18, 1988.

Shera D. Shirley, Farrant, Henneke, Brown & Shirley, David M. Collins, Gungoll, Jackson & Collins, Enid, for appellants.

Robert C. Margo, Benjamin J. Butts, Oklahoma City, for appellee; Short, Barnes, Wiggins, Margo & Adler, of counsel.

HARGRAVE, Vice Chief Justice.

The plaintiffs, Rosana and Errol Wofford, brought this action against Elaine Neill Davis, M.D., alleging a negligently performed sterilization procedure resulted in the birth of a healthy but unwanted baby. Plaintiffs sought damages rising from negligence and breach of an oral contract, seeking recovery of medical expenses for the mother and child, as well as the cost of raising the child and compensation for emotional and mental anguish.

The defendant filed a motion to strike and special demurrer. In ruling on these motions the trial court eliminated the claim for damages incurred by reason of the expense of raising the child, and left only the

damages incurred by reason of the actual medical and surgical expenses resulting from the faulty sterilization. Thus the court's ruling on the special demurrer eliminated all damages except the actual medical expenses incurred, both past and future, covered under the provisions of 76 O.S. 1981 § 18.

This appeal thus presents two questions for resolution by this Court. The first is whether this jurisdiction will recognize the cost of rearing a healthy child as damage properly recoverable by litigants who have sought medical treatment to prevent conception. Secondly, this Court is required to determine whether the limitation of damages recoverable in a medical malpractice action filed three years or more from the date of injury, as provided by 76 O.S. 1981 § 18, is constitutional. This Court has recently spoken to these issues.

■ In *Morris v. Sanchez*, 746 P.2d 184 (Okl.1987), this Court held that under the public policy of this jurisdiction, a parent cannot be said to be damaged by the birth of a normal, healthy child, and cannot recover damages by reason of the birth of such a child.

> "As a matter of public policy, the birth of a normal and healthy child does not constitute a legal harm for which damages are recoverable. We recognize wrongful death actions because of the great value we place on human life. Conversely, we cannot recognize actions for wrongful birth or wrongful conception of a normal, healthy child. The birth of a normal, healthy child may be one of the consequences of a negligently performed sterilization, but we hold that it is not a legal wrong for which damages should or may be awarded."

Accordingly, the trial court's sustention of the motion to strike and the first and second demurrers contesting the recovery sought for the costs of raising a healthy child is affirmed.

■ The trial court's ruling above affirmed left all damage allegation other than those found in paragraph ten of count one and paragraph sixteen of count two of the petition, except those removed by the court's ruling upon the third special demurrer. In this ruling the court stated that only actual medical and surgical expenses were recoverable by virtue of the operation of 76 O.S.1981 § 18.

Before proceeding to the question of the constitutionality of 76 O.S.1981 § 18, it is noted that the Court has held in *Goforth v. Porter Medical Associates, Inc.*, 755 P.2d 678 (Okl.1988), that *Morris, supra,* does not preclude a claim for:

> "... [O]ther forms of damages that may arise out of the negligent performance of sterilization operations. Insofar as the petition ... alleges negligence and actual, ordinary damages arising out of the alleged negligence, to-wit ... medical expenses incurred as a result of the unplanned pregnancy, we are of the opinion that the petition adequately states a claim for which relief may be granted." *Goforth, supra* at 680.

As to the other items of damage alleged in the petition aside from the expenses of raising a healthy child, the trial court held that expenses other than actual medical and surgical expenses were barred by the statute of limitations found in 76 O.S. 1981 § 18. The statute [1] provides that an action brought more than three years after the date of the injury shall be limited to recovery of actual medical and surgical expenses. Inasmuch as the injury to the plaintiff occurred in 1977 when the sterilization proceeding was performed, and the action was brought on March 3, 1983, this

---

1. 76 O.S.1981 § 18 provides:

"An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known through the exercise of reasonable diligence, of the existence of the death injury or condition complained of; provided any action brought more than three (3) years from the date of the injury shall be limited to actual medical and surgical expenses incurred or to be incurred as a direct result of said injury, provided, however, the minority or incompetency when the cause of action arises will extend said period of time limitation."

three-year proviso would be applicable to this action. The various errors of law urged by the plaintiffs in this action need not be discussed in detail here, for the statute's three-year limitation was held unconstitutional as measured by the Oklahoma Constitution in *Reynolds v. Porter*, 760 P.2d 816 (Okl.1988), mandate issued August 11, 1988. In that case the Court held the three-year proviso is a special statute of limitations absolutely proscribed by Art. 5 § 46[2] of the Oklahoma Constitution and also an impermissible special law as measured under the stricture of Art. 5 § 59 of the Oklahoma Constitution.

Accordingly, the interlocutory order of the trial court sustaining a demurrer to the plaintiffs' cause of action seeking damages resulting from the cost of raising and providing for a healthy but unwanted child is affirmed. The trial court's sustention of the demurrer based upon the three-year proviso to 76 O.S.1981 § 18 is overruled and the cause is remanded to the trial court for further proceedings in accord with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

HODGES, LAVENDER, SIMMS and SUMMERS, JJ., concur;

OPALA, J., dissenting *only* insofar as this opinion expresses views contrary to my dissent in *Morris v. Sanchez*, 746 P.2d 184 (Okl.1987);

ALMA WILSON, J., dissents;

KAUGER, J., dissenting for the reasons stated by OPALA, J., in *Morris v. Sanchez*, 746 P.2d 184 (Okl.1987).

2. Art. 5 § 46 provides in part:
"The legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

For limitation of civil or criminal actions; ..."